**WHITFIELD v. CANADIAN VALLEY UTILITIES CO. et al.**

No. 16530.   Opinion Filed Sept. 13, 1927.

(Syllabus.) .

**Master and Servant—Workmen's Compensation Law—Review of Awards—Finality of Decision Below on Facts.**

Under section 7294, C. O. S. 1921, as amended by chapter 61, Session Laws of 1923, page 125, the decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court.

Original action by T. P. Whitfield against Canadian Valley Utilities Company et al., to review decision of State Industrial Commission which denied his application to review former award on ground of changed condition. Affirmed.

F. M. Fitzpatrick and S. H. Clayton, for petitioner.

George F. Short, Atty. Gen., Fred J. Hansen, Asst. Atty. Gen., and Lydick, McPherren & Wilson, for respondents.

CLARK, J. This is an original action brought in this court by T. P. Whitfield to review an award of the State Industrial Commission made and entered on June 1, 1925.

The record discloses that petitioner, on the 12th day of April, 1923, while in the employ of Canadian Valley Utilities Company, was injured by a piece of timber which fell across the small of his back; that medical attention was given him by respondent, and he was paid compensation for a period of four weeks; on May 15th claimant went back to work and worked until about the 27th of June, and quit on account of dysentery, and also complaining of the injury to his back.

On May 4, 1925, claimant filed his application asking the Industrial Commission to review the award entered on May 15, 1923, wherein the case was closed by the approval of a receipt executed by petitioner for compensation paid. Upon the grounds of a change in his condition the Industrial Commission heard this application, and on June 1, 1925, denied the same, finding and holding that the claimant failed to establish a changed condition or reoccurrence of disability resulting from the accident which he sustained on April 12, 1923, and the motion of claimant to reopen the cause and grant further compensation was denied.

Petitioner contends that there is no testimony supporting the findings and holdings of the Commission.

Several expert witnesses testified to the condition of petitioner's back. The record discloses that petitioner, at the time of said hearing, was unable to work, and was disabled. The record discloses that petitioner, after sustaining said injury, had acute bowel trouble, which lasted about three weeks; he had trouble with his teeth; had to have them removed on account of chronic mouth disease; his feet were swollen before teeth were extracted; about five days after extraction he had skin humor which lasted three or four days.

The expert witnesses, who testified, practically all agree that petitioner is unable to perform manual labor, but there is a conflict as to the cause of his disability.

This being a question of fact presented to the State Industrial Commission, and found by them against petitioner, it is conclusive on this court where there is any competent evidence to support the same.

Section 7294, C. O. S. 1921, as amended by chapter 61, Session Laws of 1923, page 125, provides:

"Upon a hearing pursuant to this section either party may present evidence and be represented by counsel. The decision of the Commission shall be final as to all questions of fact and except as provided in section 7297 of this article as to all questions of law."

This statute has been construed by this court in a number of cases. A recent case is Albert A. Smith v. Parkersburg Rig & Reel Company et al., No. 16618, filed in this

290      126 OKLAHOMA REPORTS

court May 11, 1926, 117 Okla. 283, 246 Pac. 432. The first paragraph of the syllabus is as follows:

"The finding of fact and orders and award of the State Industrial Commission based thereon will not be disturbed on appeal where there is any evidence to support the same."

The award of the Industrial Commission being supported by competent evidence, the same will not be disturbed by this court on review.

The award of the State Industrial Commission is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See Workmen's Compensation Acts —C. J. p. 122, §127; anno. L. R. A. 1917D, 188; 28 R. C. L. p. 828; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581.