### DAVISON v. WILSON & CO. et al.

No. 17467.  Opinion Filed Sept. 27, 1927.

(Syllabus.)

Master and Servant—Workmen's Compensation Law—Appeal—Conclusiveness of Findings of Fact.

Under section 7294, O. O. S. 1921, as amended by chapter 61, sec. 7, Sess. Laws 1923, page 125, the decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same. the award of the Industrial Commission will not be disturbed on review by this court.

Original action in Supreme Court by H. M. Davison to review award of State Industrial Commission favorable to Wilson & Company. Affirmed.

F. P. Hutchison, for petitioner.

C. D. Bennett, Edwin Dabney, Atty. Gen., and Fred Hansen Asst. Atty. Gen., for respondents.

CLARK, J.  This is an original action filed in this court by petitioner, H. M. Davison, to review an award of the State Industrial Commission made and entered on the 11th day of May, 1926.

Petitioner, in a complaint filed before the State Industrial Commission, charged that during the month of January, 1926. while he was in the employ of respondent, he received and suffered an injury to his eyes, by reason of the fact that lime accidentally got into them, and that as a result of said injury his eyesight has been impaired.

The record discloses that petitioner, while he was in the employ of respondent and while he was whitewashing the chicken house of said respondent. released a valve which was full of lime, and in so doing the pressure shot lime into his face and eyes.

The Commission on the 11th day of May, 1926, found that claimant "sustained no

loss of time or loss of vision as a result of said accident in January, 1926."

Petitioner made no complaint at the time of the accident, but later decided that he had been injured as a result of the accident.

Dr. Fred B. Hick, at the request of the State Industrial Commission, examined petitioner and stated that in his opinion the alleged injury to the eyes did not cause the poor vision claimed by the petitioner: that said accident left no visible sign on the cornea; and that in his judgment the lime burn had nothing to do with the vision as it is at present.

Under section 7294, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, page 125, it is provided in part as follows:

"A decision of the Commission shall be final as to all questions of fact. * * *"

The judgment and award of the Commission finding that the petitioner sustained no loss of time nor loss of vision as a result of said accident and the same being made upon conflicting testimony, under this statute the Supreme Court will not go behind the award of the Commission and weigh the testimony.

The judgment and award of the Commission is therefore affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See Workmen's Compensation Acts—C. J. pp. 122, 123, §127; anno. L. R. A. 1917D, 189; 39 A. L. R. 1064; 28 R. C. L. Supp p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 0 R. C. L. Supp. p. 1766.