### AMERADA PETROLEUM CO. v. WILLIAMS.

No. 18269.    Opinion Filed Oct. 4, 1927.

(Syllabus.)

**1. Master and Servant—Review of Awards of Workmen's Compensation in Absence of Briefs.**

Actions in this court to review an award or decision of the State Industrial Commission will not be dismissed because of failure of petitioner to file briefs, but where the time prescribed by the rules of this court in which to file briefs has passed and no briefs were filed in the case, the court may proceed to hear and determine the case on the merits.

**2. Master and Servant—Workmen's Compensation—Review—Finality of Decision Below as to Facts.**

A decision of the Industrial Commission

is final as to all questions of fact; this court is not authorized to weigh the evidence upon which any finding of fact is based, if there is any competent evidence to reasonably support it.

Original Action for Review of an Award of the State Industrial Commission.

Award of workmen's compensation to Charles B. Williams against the Amerada Petroleum Company. Affirmed.

Clayton B. Pierce, for petitioner.

Hutson & Smith and S. A. Horton, for respondent.

PER CURIAM. This is an original action in this court to review an award of the State Industrial Commission made on the 31st day of March, 1927, wherein the petitioner was ordered and directed to pay to the respondent, Charles B. Williams, the sum of $234 for temporary total disability resulting from an accidental injury received by him in the course of his employment with the petitioner herein.

The petition to review was filed in this court on the 20th day of April, 1927. The answer of the respondent, Charles B. Williams, was filed in this court May 3, 1927, and under Rule 5 of the rules prescribed by this court governing the commencement and trials of actions for the purpose of reviewing awards or decisions of the Industrial Commission under the Workmen's Compensation Law, the time in which petitioner had to file brief expired May 23, 1927. No briefs have been filed by the petitioner in this cause, and the respondent, Williams, has filed herein his motion to dismiss the action for want of prosecution. Under Rule 8 of said rules. actions to review the awards of the State Industrial Commission cannot be dismissed, without a full hearing, upon any ground except that the petition required by Rule 1 was not filed within the time required by law.

Under Rule 4 of said rules such actions shall be set for hearing 35 days after the filing of the answer required. This time having passed, we therefore proceed to hear and determine this cause upon its merits.

We have examined the transcript filed in this action, reviewed the evidence heard by the Commission, as set out in the transcript and the award, together with the petition for review, and find there is competent evidence before the Commission sufficient to support their findings of fact upon which the award was made. Under the rules governing this status of the case as laid down in the case of Hidden Treasure Coal Co.

et al. v. Urist et al., 112 Okla. 245, 240 Pac. 640, the decision of the State Industrial Commission as to all matters of fact is final where there is any competent evidence tending to support the findings. See, also, Rock Island Coal Mining Co. v. U. S. Fidelity & Guaranty Co. et al., 112 Okla. 250, 240 Pac. 635.

We are therefore of the opinion that the award of the State Industrial Commission was correct, and that the same should be upheld, and the prayer of the petitioner to set aside the award, is denied.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 120, §123, (Anno). (2) Workmen's Compensation Acts—C. J. pp. 122, 123, §127; annotation in L. R. A. 1916A, 178; 266; L. R. A. 1917D, 186; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1589; 6 R. C. L. Supp. p. 1766.