## SUMMERS v. BENDELARI et al.

No. 17983.   Opinion Filed Dec. 6, 1927.

Rehearing Denied Jan. 10, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Necessary Showing to Reopen Case and Award Further Compensation on Ground of Changed Condition.**

In order to reopen a case and award further compensation upon account of change of condition, the claimant must establish before the Industrial Commission that there has in fact been a change of condition since the original award was made, and further that same was due to the original injury.

2. **Same—Review of Awards by Supreme Court—Conclusiveness of Findings of Fact.**

The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same.

Error from State Industrial Commission.

Action by George Summers to review order overruling motion to reopen case and award further compensation against A. E. Bendelari.   Affirmed.

F. R. Burns and E. G. Avery, for plaintiff in error.

Edwin Dabney, Atty. Gen., and A. C. Wallace, for defendants in error.

HUNT, J.   This is an appeal from an order of the State Industrial Commission overruling the motion of claimant to reopen this case and award further compensation. It appears from the record that claimant while in the employ of the respondent and in the course of said employment received an injury to the right eye on the 18th day of September, 1923; that upon a hearing before the Industrial Commission he was awarded compensation for temporary loss of use of the eye, and after a further hearing an order was entered by the Industrial Commission on the 21st day of February, 1924, finding as follows:

"That as a result of accidental injury on September 18, 1923, claimant herein received while in the employ and in the course of his employment of said respondent, he has suffered a loss of more than 90 per cent. of the vision of his right eye."

Pursuant to said finding the Commission entered an order allowing him compensation for 100 weeks at the rate of $17.31 per week, being a total of $1,731, which amount was paid by the respondent. It further appears from the record that in April, 1926, claimant filed a motion to reopen the case and award further compensation. Said motion does not appear in the transcript of the record furnished us by the Industrial Commission, but it appears from the brief filed herein and the oral argument of counsel that the sole reason urged for reopening the case and awarding further compensation was an alleged change in condition due to the injury to the right eye which was sustained in 1923. It is the contention of claimant as disclosed by his testimony that since the award entered herein in April, 1924, his condition has changed in the following respects, to wit: The loss of hearing in his right ear and loss of vision in his left eye. It is further contended by claimant that he has not received any other injury since the original award herein was made and that his present changed condition was due entirely to the original injury suffered herein. The Workman's Compensation Law, under which this proceeding is prosecuted, confers jurisdiction upon the State Industrial Commission to reopen the case and award further compensation at any time upon the showing of the claimant that there has been a change in condition due to the original injury. We have carefully examined the transcript of all the proceedings had before the Industrial Commission, including both the proceedings on motion to reopen the case and proceedings had at the time the original award was made.

The only evidence offered by claimant in

support of his motion was that of himself and the deposition of Dr. Everett Powers. The testimony of claimant shows that he is practically deaf in his right ear, and, to use his own language, that his "other eye is weak." He further testified that his other eye, meaning his left eye, commenced to hurt some five or six months after the injury to his right eye. He further testified as follows:

"Q. Have you ever received an injury in that other eye? A. No. nothing more than getting grit in the mine in it."

He further testified on cross-examination as follows:

"Q. You say you got a little dirt and grit in your eye at different times. A. Yes, sir; I got some dirt in my eye when I was working for the Woodchuck people, and Dr. Cannon taken it out for me."

It further appears from the testimony of Dr. Powers that, while the left eye appears to be normal in every respect, yet there seems to be a loss of vision of practically 80 per cent. He further states from his examination that he is unable to find a diseased condition in this eye to account for the approximate limited vision. Nowhere in the testimony does it appear that the limited vision in this eye is due to the original injury to the right eye or that the loss of hearing in the right ear is attributable to said original injury.

It is contended, however, by the claimant that the left eye is weak from sympathy with the right eye, and that this is sufficient changed condition to authorize the Industrial Commission to reopen this case and award further compensation for the impaired vision in the left eye. In support of this contention, counsel for claimant cites chapter 7, volume 3, of Witthaus and Becker on Medical Jurisprudence, same being the chapter on sympathetic diseases of the eye. It is quite clear from this authority that where the vision in one eye has been lost or impaired by reason of injury to that eye, the vision to the other eye might later become impaired on account of said injury. That, however, is not necessarily true in all cases, and as testified to by one of the doctors, it occurs only in rare instances and depends entirely on the character of the disease of the injured eye. It would seem, therefore, that in order to justify reopening the case on account of alleged change of condition due to the original injury there would have to be some testimony to the effect, first, that there had been a change in

condition; and second, that the change was due to the original injury. In other words, conceding the impairment of vision in claimant's left eye and the partial loss of hearing in the right ear, it must further be shown by competent testimony that same is due to the original injury sustained by claimant, while in the employ of respondent.

It would further seem that if such change of condition as testified to by claimant was due to the original injury, either through sympathic inflammation of otherwise, this fact was easily susceptible of proof and should have been established by competent testimony. No such proof was offered by claimant, and merely because it is a medical fact that in some cases injury to one eye will cause impairment of the other through sympathy would not justify the Commission in assuming that such occurred in this case, in the absence of testimony to the effect that such actually occurred.

After hearing all the testimony, the Commission made the following findings: "That the claimant failed to establish a changed condition or other facts sufficient to entitle him to further compensation under the law." Unless we can say from the record before us that there is no evidence reasonably tending to support this finding of the Commission, it becomes our duty to affirm the same. Oklahoma Pipe Line Co. v. Lindsay, 113 Okla. 296, 241 Pac. 1092.

Claimant contends that the order appealed from is not supported by the evidence. We have carefully reviewed the entire record, and are of the opinion that claimant wholly failed to show such a change of condition due to the original injury as would warrant the Commission in reopening this case and awarding further compensation, but, on the other hand, there is ample eivdence supporting the conclusion reached by the Commission, and its order overruling the motion of claimant will therefore not be disturbed, but is in all things affirmed. Glasco v. State Industrial Commission, 120 Okla. 37, 250 Pac. 138; Thomas v. Ford Motor Co, 114 Okla. 3, 242 Pac. 765.

All the Justices concur.

Note.—See under (1) Workmen's Compensation Acts— C. J. p. 132, §151; 28 R. C. L. p. 823. (2) Workmen's Compensation Acts —C. J. p. 122, §127; anno. L. R. A. 1916A, pp. 178, 266: L. R. A. 1917D, 186; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1766.