**AMERADA PETROLEUM CORP. v. WILLIAMS et al.**

No. 19363. Opinion Filed Dec. 18, 1928.

Clayton B. Pierce and F. B. Burford, for petitioners.

Lester Smith, S. A. Horton, and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

MASON, V. C. J. This is an original proceeding commenced in this court by the Amerada Petroleum Corporation to review an award of the State Industrial Commission in favor of the respondent, Williams.

Claimant was injured while working for petitioner on May 28, 1926, by receiving a cut on the left leg, which later became infected. On March 31, 1927, the Industrial Commission made an award for such injury to the claimant's leg, finding that as a result of the accident claimant sustained a temporary total disability from July 13, 1926, to October 18, 1926; that he was entitled to compensation at the rate of $18 per week for 13 weeks, amounting to $234. It appears that the claimant in that hearing contended that he had suffered a permanent partial disability. The employer, Amerada Petroleum Corporation, sought a review of this order in the Supreme Court, and the claimant filed a cross-petition. The cross-petition, however, was dismissed by this court because it was not filed in proper time, and the prayer of the employer, to set aside said award, was denied on October 4, 1927. See Amerada Petroleum Corporation v. Williams, 127 Okla. 58, 259 Pac. 853. It appears that the employer thereafter paid said award in full.

On May 8, 1927, the claimant filed his motion before the Industrial Commission alleging that since the entering of the foregoing order his condition had materially changed and that he was then totally disabled. Claimant then asked the Commission to reopen the cause and, after further hearing, determine the condition of claimant and make such further orders as were proper. Upon a hearing on said motion, the Commission found that the claimant then had a permanent partial disability as a result of said injury, the same being a 30 per cent. loss of the use of claimant's left leg, and awarded him compensation at the rate of $18 per week for 52 1/2 weeks, from July 31, 1926, amounting to $945, and further provided that the Amerada Petroleum Corporation, which carried its own insurance, should receive credit for compensation theretofore paid in the sum of $234, leaving a balance due the claimant of $711.

This award is presented for review herein. We have not quoted the evidence, because the petitioner does not contend that the claimants disability is not permanent, nor that it is not the result of the injury originally sustained.

Petitioner first insists that when the original award was approved by the Supreme Court, the Industrial Commission lost jurisdiction to reopen the case and make a new award. Counsel cite no authorities in support of such contention.

In United States Fidelity & Casualty Co. v. Harrison, 125 Okla. 90, 256 Pac. 752, we held that the doctrine of res judicata and estoppel, by receiving payment under the first award, was inapplicable as against the second award. Petitioner's contention is also without merit for the reason that the question of change in condition of claimant was not and could not have been presented in the original case before this court. Especially is this true in view of section 7325, O. O. S. 1921, which provides that the power and jurisdiction of the Commission over each case shall be continuing and the Commission may, from time to time, make such modification or change with respect to former findings or orders relating thereto as in its opinion may be just. No exception is made to cases affirmed by the Supreme Court.

Under section 7296, C. O. S. 1921, the Commission may, at any time, review any award upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded.

In Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750, this court said that this jurisdiction to modify or change its former opinions or orders by the Commission serves as a protection both to the employer and employee and enables the Commission to effect justice where the amount previously awarded was either too large or too small or where the Commission previously had erred in fixing the compensation through mistake or because of fraud practiced upon it.

We must conclude that the Industrial Commission had jurisdiction to reopen said case, notwithstanding the prior opinion of this court.

Was there such a change in condition of the claimant as to warrant the Commission in re-opening the case? The claimant had the burden of establishing that there had,

in fact, been such a change in condition since the original award was made and that the same was due to the original injury. Summers v. Bendelari, 128 Okla. 243, 262 Pac. 648. Claimant's evidence is ample to support the finding of the Commission that at the time of the second hearing the claimant was suffering from a partial permanent disability to his left leg, although at the former hearing the Commission found that said disability was only a temporary one. Petitioner contends that this evidence is not sufficient in view of the further evidence of the claimant's witness that there was no apparent physical change in condition of the claimant. We refuse to read the word "physical" into the statute. All that the statute requires is a change in condition. It is a well-known fact that the nature and probable effect of an injury, in many cases, cannot immediately be determined by the most proficient physicians and surgeons, and we are confident that the Legislature had this fact in mind when it conferred jurisdiction on the Commission to re-open and modify or change its former findings or orders. The facts of this case prove the wisdom of the provision. We, therefore. conclude that the finding of the Commission as to the change of condition of claimant is supported by the evidence. The rule is well established that a decision of the Industrial Commission, when supported by any evidence, is final as to all questions of fact and this court is not authorized to weigh the evidence upon which any finding is made.

Petitioner requested the Commission to make a special finding of fact as to whether there had been a physical change in the condition of the claimant's leg since the date of the former award. This the Commission failed or refused to do, and such action is assigned as further reason for vacating such award. We see no merit in such contention in view of our conclusions heretofore reached.

We are of the opinion, from an examination of the record herein, that the award of the Commission is proper, and the prayer of the petitioner, that the same be vacated, is, therefore, denied.

BRANSON, C. J., and HARRISON. PHELPS, HUNT, RILEY, and HEFNER, JJ., concur.