**K. D. OIL CO. et al. v. DATEL et al.**

No. 21104. Opinion Filed Oct. 21, 1930.

Burford, Miley, Hoffman & Burford and Ray V. Lewis, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J. This proceeding was instituted in this court to review an award by the State Industrial Commission. The record discloses that the respondent Ed. Datel, while running casing in an oil well, was injured March 7, 1928, by being struck on the arm and left ankle by a falling timber. It was admitted that his injury arose out of and was received in the course of his employment, and compensation was paid from March 19, 1928, to October 22, 1928, at which time it was discontinued. Thereafter the matter was assigned for hearing on March 26, 1929, to determine the extent of disability. The record does not disclose that a hearing was held on said date, and on March 29, 1929, the Commission ordered claimant to report to the office of Dr. Earl McBride for examination to determine his present condition as a result of an injury received March 7, 1928. The examination was had and report filed as ordered, and thereupon a hearing was had in the cause April 2, 1929, at which time the examining physician and the claimant testified and by agreement the report of Dr. W. G. Lemmon, of Tulsa, was admitted in evidence.

On April 4, 1929, the Commission made and enterded an award in favor of claimant for 37½ weeks' compensation for 25 per cent. permanent loss of use of the left foot and directing that all prior payments be credited on the award. By reason of a miscalculation of the amount, the sum being stated $375 instead of $675, a corrected order was entered April 9, 1929, in which the Commission ordered that within ten days from this date the K. D. Oil Company or its insurance carrier, Globe Indemnity Company, pay to claimant Ed. Datel the sum of $675, the same being 37½ weeks' compensation at the rate of $18 per week, less any sum or sums heretofore paid as compensation in this case. No proceeding was filed to

review this award by either party, and the same became final on May 10, 1929.

On November 17, 1929, claimant filed his motion to reopen the cause on the grounds of a change in condition since the date the award was made. A hearing was had and testimony taken on December 17, 1929. On January 23, 1930, an order was entered by the Industrial Commission, which omitting formal parts is as follows:

"Now, on this 23rd day of January, 1930, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to a hearing had at Perry, Okla., December 17, 1929, before Thos. H. Doyle, Chairman, on motion to reopen the case to determine extent of disability and for a changed condition of the claimant, resulting from an accidental personal injury on March 7, 1928, at which hearing the claimant, Ed. Datel, appeared in person, and respondent and insurance carrier by its attorney, R. V. Lewis, and the Commission, after examining the records and the reports on file, finds that the first hearing in this cause was had before Commissioner I. B. Kyle, on April 2, 1929, at Oklahoma City, Okla.; that on the 4th day of April, 1929, an award was made for $375 compensation at $18 per week, which award was on the 9th day of April, 1929, by a corrected order changed to $675, the same being 37½ weeks' compensation at the rate of $18 per week, less any sum heretofore paid, which left $99, for five and one-half weeks' compensation, which award was made on a basis of permanent loss of 25 per cent. of the use of the left foot, which balance claimant refused to sign a final receipt for. and which was held pending the hearing and tendered at the close of the hearing at Perry on December 17, 1929, and the claimant was then and there by Chairman Doyle directed to accept the same without signing a final receipt.

"The Commission, after considering the testimony taken at the first hearing of this cause on April 2, 1929, and the testimony taken at said hearing at Perry, December 17, 1929, and the reports on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1. That on and prior to March 7, 1928, claimant, Ed. Datel, was in the employment of the respondent, K. D. Oil Company, and engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law.

"2. That in the course of and arising out of his employment, said claimant on March 7, 1928, sustained an accidental personal injury to his left shoulder, and had the ankle on the left foot crushed.

"3. That the average wage of claimant at the time of his injury was $6 per day.

"4. That said claimant was temporarily

266

totally disabled for a period of 60 weeks, computed from March 7, 1928, to May 5, 1929, less the five days' waiting period.

"5. That claimant has been paid compensation at the rate of $18 per week from March 7, 1928, to November 29, 1928, less the five days' waiting period, the same being 37 weeks and three days, in the total sum of $675.

"6. That claimant suffered a change in the condition of his left foot after April 2, 1929, as a result of said injury, which has resulted in the permanent loss of 50 per cent. of the use of his left foot.

"The Commission is of opinion: That by reason of the aforesaid facts said claimant is entitled to 60 weeks' compensation as temporary total disability, at the rate of $18 per week, in the total sum of $1,080, less the sum of $675 heretofore paid for 37 weeks' and three days' compensation.

"The Commission is further of opinion: That by reason of the aforesaid facts, claimant is entitled to 75 weeks' compensation, as 50 per cent. permanent disability of his left foot, computed at $18 per week, in the sum of $1,350.

"It is therefore ordered, that within 10 days from this date the respondent, K. D. Oil Company, or its insurance carrier, Globe Indemnity Company, pay to the claimant herein the sum of $1,080, less the sum of $675, heretofore paid, leaving a balance of $405, being compensation for a period of 60 weeks.

"It is further ordered, that said respondent or its insurance carrier herein pay to the claimant the sum of $1,350, being compensation for the permanent loss of 50 per cent. of the use of his left foot, and also pay all medical expenses incurred by the claimant as a result of said injury.

"It is further ordered that within 30 days from this date the respondent or insurance carrier herein file with the Commission proper receipt or other report, evidencing compliance with the terms of this order."

Numerous errors are assigned in the petition for review, which state the errors complained of in different phraseology, which summed up, however, may be stated as follows:

"1. That the State Industrial Commission was without authority of law to make any award or order the payment of any compensation for temporary total disability prior to April 2, 1929, all matters in connection with the alleged injuries of the claimant, Ed. Datel, prior to said date being determined by the order and award of the State Industrial Commission entered April 4, 1929, as corrected April 9, 1929.

"2. That the finding of the State Industrial Commission with reference to 60 weeks' temporary total disability is without compe-

tent evidence to support it, and is contrary to law.

"3. That the State Industrial Commission erred and was without authority of law in declaring the payment of $675 heretofore paid by respondents to claimant as compensation for 25 per cent. permanent loss of the use of left foot pursuant to the order and award of April 4, 1929, as corrected by the order of April 9, 1929, to be credited as compensation for temporary total disability, and making a further award for $1,350 as compensation for 50 per cent. permanent loss of use of left foot.

"4. That said award for 50 per cent. permanent loss of use of left foot is not supported by the evidence."

Numerous authorities by this court are cited by the petitioners and respondents as sustaining their respective positions. When these cases are properly analyzed, we do not feel there is any conflict in the rule announced.

The respondents, to sustain the last order made by the Commission, cite among other cases, the case of United States Fidelity & Casualty Co. v. Harrison, 125 Okla. 90, 256 Pac. 753. In that case this court said:

"Plaintiffs in error contend that the action of the Commission was under section 7296, Id., providing for a review of the award on the ground of a change in conditions. There is no merit in this contention. Either party may, within the statutory time, effect review of an award. The fact that neither party does appeal, or that the award is paid, cannot defeat the plenary and continuing jurisdiction under said section 7325 in a proper case. In the Choctaw Case, supra, this court said that this jurisdiction to modify or change its former findings or orders serves as a protection both to the employer and employee and enables the Commission to effect justice where the amount previously awarded was either too large or too small, or where the Commission previously had erred in fixing the compensation through mistake or because of fraud practiced upon it. However, the court found, under the facts in that case, there had been a change in condition. In the Sun Coal Case, supra, the claimant filed a motion to reopen the cause and grant a further hearing on the ground that he had suffered partial permanent injury to the index finger, and was entitled to partial permanent disability pay; and that proper award had been made for the same. The same contention was there made as here, that the action was based upon a change in conditions. The original award in that case had been paid, and the motion to reopen the case in order to consider the additional injury to the index finger was filed more than 30 days after the original award. We are following the rule in that case. The action of the Commission in the instant case is analogous to the grant-

ing of a new trial in a regular judicial tribunal, and is directly authorized by the statute."

While in Choctaw-Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750, referred to as the Choctaw Case, and in the Sun Coal Case, 84 Okla. 164, 203 Pac. 1042, each in the case last above quoted from, there are stated other grounds which give the Commission jurisdiction under section 7325 in a proper case, yet it will be noted that in each case the Commission found there had been a change in condition.

In the case of Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okla. 231, 249 Pac. 706, this court said:

"Where an award of compensation for accidental injury is not questioned by application for rehearing filed within ten days, as provided by the rules of the Industrial Commission, nor by an action in the Supreme Court within 30 days, such award is final and conclusive upon all questions within the Industrial Commission's jurisdiction; and the Commission is without power or jurisdiction thereafter to vacate, modify, or change the award except upon the ground of a change in conditions."

In the body of the opinion the court uses this language:

"The new award was not made under section 7296, C. O. S. 1921, which authorizes the Commission upon its own motion, or on the application of any party in interest, to change, modify, or end the previous award on the ground of a change in conditions. No new evidence was taken or considered. The new award was made upon the same evidence and the same findings of fact as the original award. In the first award the Commission concluded, as a matter of law, that since the vision was restored to normal by the use of glasses, the claimant had suffered a total temporary disability, and made the award accordingly. In making the new award the Commission concluded as a matter of law, citing the Colbaugh Case as authority, that the injury may not be minimized by the use of artificial means, and made the award as for a permanent partial disability.

"It was held in Tidal Refining Co. v. Tivis, 91 Okla. 189, 217 Pac. 163, that a decision of this court, declaring the law to be different from that applied by the Commission, in making an award, rendered subsequent to such award, did not constitute such a change in conditions as contemplated by section 7296. It is contended by claimant, however, that by section 7325, as amended by section 13, chap. 61, Session Laws 1923, a continuing power and jurisdiction is conferred upon the Commission in all cases to change or modify its former orders and awards."

After setting out section 7325, and com-

menting upon the same in connection with section 7297, the court says:

"When sections 7296, 7297 and 7325 are considered together, it must be held, we think, that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decisions."

In the case of Vietti v. Crowe Coal Co., 133 Okla. 81, 271 Pac. 160, this court said:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may at any time review any award, and, upon such review, may make an award ending, diminishing, or increasing the compensation previously awarded. By the term 'change in condition' is meant a change in condition occurring after the previous award of the Commission."

In Summers v. Bendelari, 128 Okla. 243, 262 Pac. 648, this court said:

"In order to reopen a case and award further compensation upon account of change of condition, the claimant must establish before the Industrial Commission that there has in fact been a change of condition since the original award was made, and further, that same was due to the original injury."

In the case of Amerada Petroleum Corporation v. Williams, 134 Okla. 177, 272 Pac. 828, this court said:

"The power and jurisdiction of the State Industrial Commission, under 'the Workmen's Compensation Law, over each case submitted to it, is continuing, and the Commission may, from time to time, make such modification or change of its former findings or orders relating thereto as, in its opinion, may be just; and under section 7296, C. O. S. 1921, the Commission, at any time, upon its own motion or upon the application of any party in interest, may review any award on the ground of a change in conditions, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded.

"Where an employee files an application for compensation on account of an injury to his leg, but at the time of making such application and hearing had hereon the extent of the injury was not appreciated and the Commission finds that the same is a temporary total disability and makes its award therefor, which is later affirmed by the Supreme Court, and where the claimant thereafter files his application to reopen said case and secure an increase of the award because it develops that claimant, as a result of said injury, has suffered a permanent partial disability, the Industrial Commission, under its con-

tinuing power and jurisdiction and by reason of such change of conditions, may reopen the case and make such an award as the claimant may be entitled to for such permanent partial disability. The doctrine of res judicata, by reason of the former award being affirmed by the Supreme Court, is inapplicable."

In the case of Boggs v. United States Fidelity & Guaranty Co., 139 Okla. 155, 281 Pac. 226, this court held that:

"The State Industrial Commission is without power to review an award, except where there has been a change in the condition of the claimant subsequent to the award, but where there is competent evidence offered in support of the claimant's allegations of a change in his condition subsequent to the award and which said evidence is sufficient to establish a prima facie case in favor of claimant, and there is no competent evidence offered to overthrow the showing made by claimant, it is error for the Industrial Commission to deny claimant's application for compensation."

So it will be seen that the jurisdiction to modify or change its former findings or orders to effect justice under section 7325, C. O. S. 1921, where the amount previously awarded was either too large or too small, or where the Commission previously had erred in fixing the compensation through mistake, or because of fraud practiced upon it, as stated in Choctaw-Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750, and followed in United States Fidelity & Casualty Co. v. Harrison, 125 Okla. 90, 256 Pac. 752, in passing upon that phase of the case which has to do only with cases where the amount previously awarded was either too large or too small, or where the Commission previously had erred in fixing the compensation through mistake or because of fraud practiced upon it, as elaborated in Bedford-Carthage Stone Co. v. State Industrial Commission, supra, and as amended by section 13, chap. 61, Session Laws 1923, does not change the rule announced in the other class of cases where the Commission may at any time upon its own motion or upon the application of any party in interest on the ground of a change in condition, as provided by section 7296, C. O. S. 1921, review any award and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act.

In this case, however, the motion of the respondent Ed Datel was not to modify or change a former order of the Commission because it was either too large or too small, under the findings of fact and governed by the statute, or that the Commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon the Commission, but, was under that provision of the statute which authorizes the Commission upon its own motion or upon the application of any party in interest on the ground of a change in conditions to review any award and upon sufficient evidence offered upon such review to make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act.

It is contended by the petitioners that there was no competent evidence showing a change in condition subsequent to the first award. The first award was for 25 per cent. permanent loss of the use of the left foot. At the hearing to review the award, there was evidence offered that the permanent injury or loss of the use of the left foot was from 40 to 60 per cent., so we cannot say there was no competent evidence to sustain the findings of the Commission upon that issue. However, we are of the opinion that, under the condition of the record, upon the motion of the respondent Ed Datel to review the award on account of a change of condition only, the Commission on that motion was without power or jurisdiction to vacate, modify, or change the award except on the grounds of a change in condition, and that the Commission did not have any authority to make an order applying the sum of money paid in as compensation for 25 per cent. permanent loss of the use of the left foot as temporary total disability. If the Commission finds that there was a change in the condition of the respondent Ed Datel after the former hearing and award, due to the original injury, it may allow the defendant such additional compensation by reason of said change in conditions after the former award as is authorized and provided for by the act. In our opinion, this is as far as the Commission would be authorized to proceed under the conditions of the record in this case.

The respondent filed his motion to review the award under section 7296, C. O. S. 1921, on the ground of a change in condition, and not under section 7325, C. O. S. 1921, as amended by section 13, chapter 61, Session Laws 1923.

For the reasons herein expressed, the order of the Industrial Commission of January 23, 1930, is hereby vacated, reversed, set aside, and for naught held, and this cause is remanded to the Industrial Commission, with directions to take such other and further action and proceedings as may

be consistent with the views herein expressed.

MASON, C. J., and CLARK, HEFNER, CULLISON, and ANDREWS, JJ., concur.

LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (1) anno. L. R. A. 1916A, 163; L. R. A. 1917D. 186; 40 A. L. R. 1474; 28 R. C. L. p. 823; R. C. L. Perm. Supp. p. 6246.