## TEXAS COMPANY et al. v. FOREMAN.

No. 25287.  Sept. 18, 1934.

Rehearing Denied Oct. 16, 1934.

Thos. H. Owen and Paul N. Lindsey, for petitioners.

G. E. Croom, for respondents.

BAYLESS, J.  This is an original proceeding to review an award of the State Industrial Commission in favor of Eddie Foreman, respondent herein, but hereinafter called claimant.

The claimant, while cleaning a still for petitioner, the Texas Company, at its Tulsa, Okla., refinery, got some particles of brick in his left eye. Claimant, by the use of his hands and a cloth or rag provided by petitioners, removed some of the particles of brick from his eye, and immediately received first-aid treatment from a nurse employed by petitioner, and the following morning went to and received treatment from a physician. Immediately thereafter

claimant's eye became infected and claimant lost the sight of said eye.

The petitioner and insurance carrier denied liability, contending that the loss of vision was not due to an accidental injury, but that claimant had gonorrhea at the time of the accident, and after the injury he transmitted the gonorrheal infection to his eye by the use of his hands.

The Commission, however, after having heard all of the evidence introduced, found:

"* * * That on said date claimant sustained an accidental injury arising out of and in the course of his employment by getting foreign substance in his left eye, resulting in the loss of vision."

There is only one assignment of error urged by petitioners, which is as follows:

"There is no evidence to support the finding that claimant's loss of vision is due to the accidental personal injury or disease or infection naturally resulting from the injury."

The question of whether the claimant lost his eye as a result of the injury, or as the result of an infection not necessarily arising as a natural consequence of the injury, is one of fact to be determined by the Commission.

The testimony of the medical experts as to what caused the infection to the eye is in conflict, yet the Commission found from all of the evidence adduced that the loss of claimant's eyesight was the result of the original injury. In this connection we have repeatedly held:

"The decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court."

See Whitfield v. Canadian Valley Utilities Co., 126 Okla. 289, 259 P. 229; Davison v. Wilson & Co., 127 Okla. 45, 259 P. 639; Williams v. Black-Sivalls & Bryson, 127 Okla. 32, 259 P. 550; Amerada Petroleum Co. v. Williams, 127 Okla. 58, 259 P. 853.

The award of the Commission is supported by ample competent evidence, and is therefore affirmed.

RILEY, C. J., and McNEILL, OSBORN, and WELCH, JJ., concur.