## MAGNOLIA PETROLEUM CO. v. ELLIS et al.

No. 25221.    Sept. 18, 1934.

W. H. Francis, B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

John T Cooper and A. C. Kidd, for respondents.

BAYLESS, J. This is an original proceeding in this court by Magnolia Petroleum Company, a corporation, to review an award of the Industrial Commission awarding compensation to Hardy A. Ellis.

The claimant, while cutting pipe on a pipe machine for the Magnolia Petroleum Company, got rust in his eyes, and from such accident his eyes became sore and irritated. Claimant testified that before the accident his eyes were good, but now they water all of the time and corruption appears in his eyes in the mornings and act like a case of sore eyes; that he cannot see well enough now to read without glasses; that light hurts his eyes, and he cannot work in the light. The medical experts produced on behalf of claimant testified that claimant now has a partial permanent disability to his vision as a result of the injury, while the medical experts produced on behalf of petitioner testified that claimant has been treated and has fully recovered; that he has no permanent disability as a result of the injury; and that claimant is a malingerer.

The Commission, however, after having heard all of the evidence introduced, found:

"* * * That as a further result of said accident the claimant is now suffering a permanent partial loss of vision of both eyes in the amount of 16 per cent. thereof in each eye, and is entitled to compensation for said permanent partial loss of vision for 16 per cent. of 500 weeks, or 80 weeks. * * *"

There is only one assignment of error urged by petitioner, which is as follows:

"That said award is contrary to law, and that said State Industrial Commission erred in finding that the respondent received any injury to his eyes, as there was no competent evidence to show that the respondent sustained an injury to his eyes or either of them on account of said alleged injury."

The question of whether or not claimant sustained an injury to his eyes on account of said alleged injury is one of fact to be determined by the Commission.

The testimony of the medical experts as to whether claimant is now suffering a permanent partial loss of vision as a result of the injury is in conflict, yet the Commission found from all of the evidence adduced that claimant is now suffering a permanent partial loss of vision in both eyes as a result of said injury in the amount

of 16 per cent. in each eye. In this connection we have said:

"The decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court."

See Whitfield v. Canadian Valley Utilities Co., 126 Okla. 289, 259 P. 230; Davison v. Wilson & Co., 127 Okla. 45, 259 P. 639.

The award of the Commission is supported by competent evidence, and is therefore affirmed.

RILEY, C. J., and OSBORN, BUSBY, and WELCH, JJ., concur.