### MAGNOLIA PETROLEUM CO. v. ROBBINS.

No. 24892. Feb. 12, 1935.

W. H. Francis, B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. W. Dixon, for respondent.

BAYLESS, J. This is an original proceeding in this court by Magnolia Petroleum Company, a corporation, hereinafter called petitioner, to review an award of the Industrial Commission awarding compensation to William J. Robbins, hereinafter called claimant.

Claimant alleges that while employed as a roustabout by petitioner in fishing a well on the Cherry lease near St. Louis, Okla., on October 14, 1932, a certain oil machine on which he was working broke and he was struck on the head and shoulder with a rod from the machine and knocked unconscious; that by reason of such accident and injury resulting therefrom he has severe headaches, impairment of vision, his back feels as if something was pulled loose; he has an extremely nervous condition; that he spent some six weeks in the hospital and is unable to do any manual labor; and that his disability is due solely to the accident and injury complained of. The claimant has received no compensation since the accident.

The medical experts produced on behalf of claimant testified that claimant suffered a brain injury; has a slight loss of hearing in the right ear of 6 per cent.; has a 16 per cent. loss of vision in his right eye; he is extremely nervous; he has marked limitation of motion of the back in all directions of lumbar muscles; and that he is temporarily totally disabled.

The medical experts produced on behalf of petitioner testified that claimant, for two or three years prior to the alleged accident, had been suffering from extreme nervousness; that claimant was examined immediately after the alleged accident and the only evidence of injury was a blood blister on the outside of claimant's ear; that they found no bruises on his head or body, and his physical condition was no worse than he had formerly appeared and he was no more nervous than usual; that at least one physician went out to see claimant the second day after the alleged accident and found claimant fully dressed and could not find anything wrong with him, and it was not unusual for him to have severe headaches; that claimant had discussed this headache matter with Dr. Morrison 15 or 20 times before the alleged accident; that when claimant consulted Dr. Morrison soon after the alleged accident and gave the doctor a history of the accident, Dr. Morrison told him he might have a concussion of the brain; that because of claimant's neurological condition he was susceptible to suggestion and immediately became worse; that in reality claimant received no injury from the alleged accident. Other physicians for petitioner testified they could find nothing wrong with claimant and that he was "faking" an injury.

Employer's first notice of injury was filed by Mr. Hoskinson, superintendent of the lease on which claimant was working. The attending physician's report was filed by Dr. Morrison, who was the petitioner's physician, in which report we find, in answer to a question as to the nature and extent of the injury, "slight concussion of the brain."

The Commission, however, after hearing all of the evidence introduced, found:

"That on the 14th day of October, 1932, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to his head and brain, when hit by rods on the well. * * *

"That by reason of said accidental injury, claimant has been, and is so at this time, temporarily totally disabled from the performance of ordinary manual labor, and in need of further medical care. * * * That the claimant is entitled to compensation in the sum of $617.39, being 35 weeks and 4 days' temporary total disability at $17.31 per week, or from October 14, 1932, the date of the injury, less the 5-day waiting period, to this date, June 27, 1933, and that respondent should pay claimant thereafter at said rate of $17.31 per week, during the continuance of said temporary total disability, or until further order of the Commission, and furnish any reasonable and necessary medical treatment."

There is only one assignment of error urged by petitioner, which is as follows:

"That said award is contrary to law, and there was no competent testimony reasonably tending to support the findings of the Commission, as there was no testimony showing that the respondent, William J. Robbins, was suffering from any disability on account of said alleged injury.

"That said testimony shows that the re-

spondent was having the same spells and was acting the same way prior to said alleged injury as he was after the alleged injury."

The question of whether or not claimant sustained an injury to his head and brain and suffered any disability as a result thereof, on account of said alleged accident, is one of fact to be determined by the Commission.

We have many times held that where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons. See St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170.

The testimony of the many medical experts as to whether claimant is now suffering a temporary total disability as a result of the injury is in conflict, yet the Commission found from all of the evidence adduced that claimant is now suffering a temporary total disability because of an injury to his head and brain as a result of said injury. In this connection we have said:

"The decision of the Industrial Commission is final as to all questions of fact, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court."

See Whitfield v. Canadian Valley Utilities Co., 126 Okla. 289, 259 P. 229; Davison v. Wilson & Co., 127 Okla. 45, 259 P. 639.

The award of the Commission is supported by competent evidence, and is therefore affirmed.

McNEILL, C. J., and BUSBY, WELCH, and CORN, JJ., concur.