## FRICK-REID SUPPLY CO. et al. v. HUNTER.

### No. 26078.　April 2, 1935.

Hudson & Hudson, T. A. Aggas, and John H. Cantrell, for petitioners.

Cannon B. McMahan, for respondent.

BAYLESS, J. This is an original proceeding in this court by Frick-Reid Supply Company, hereinafter called petitioner, and its insurance carrier, Indemnity Insurance Company, to review an award of the Industrial Commission, awarding compensation to Lee Hunter, one of petitioner's employees, who is hereinafter called claimant.

The record discloses that claimant, while employed in a hazardous occupation by petitioner, received an injury on May 2, 1934, arising out of and in the course of his employment, from the falling of a chain hoist, weighing about 1,200 pounds, striking the claimant between the shoulder blades and on the left leg and foot.

The Commission found that, as a result of the accident heretofore mentioned, claimant had a 30 per cent. permanent partial disability to his left arm, and 30 per cent. permanent partial disability to his left foot; that the loss of these two members constituted 30 per cent. of a total permanent disability (or 500 weeks); the 30 per cent. of a total disability being 150 weeks. The Commission further found that claimant's rate of compensation was $12.31 per week for the period of 150 weeks, or the total sum of $1,846.50. From these findings and the award, the petitioner appeals, and assigns as error:

"(1) That the award or order of the Commission is not supported by, is against the weight and contrary to, the evidence."

Petitioner contends in support of this proposition that the medical expert produced by it establishes beyond doubt that claimant has no disability as a result of the injury complained of, but that the disability from which claimant now suffers, if any, is caused by ostearthritis, which is entirely dissociated from the injury sustained by claimant. While there is a sharp conflict in the evidence as to the cause and extent of the injury complained of, we have repeatedly held that this is a question of fact to be determined by the Commission, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court. See Texas Co. v. Foreman, 169 Okla. 198, 35 P. (2d) 959; Magnolia Pet. Co. v. Ellis, 169 Okla. 58, 35 P. (2d) 958; Whitfield v. Canadian Valley Utilities Co., 126 Okla. 289, 259 P. 229; and Amerada Pet. Co. v. Williams, 127 Okla. 58, 259 P. 853.

The petitioner's second assignment of error is:

"That the Commission erred in the computation and finding as to the weekly wage or earning of the claimant, Lee Hunter."

The claimant has admitted in his brief that the award of the Commission in his favor is based upon an erroneous basis or computation, and in this brief adopted the contention of the petitioner as to the rate of compensation to be paid. It appeared from the first briefs that both parties had in mind that the $8 minimum would be the proper award. However, the petitioner immediately filed a reply brief in which it contended that it was in error in admitting, if it did so admit, that the $8 minimum applied. It contended in the reply brief that since the evidence showed that claimant had earned only $200 in the year preceding, he would not be entitled to the minimum of $8 as provided in subdivision 5, sec. 13356, O. S. 1931, but should receive his full weekly

wages as provided in the latter part of said subdivision 5, supra.

In making this contention we believe that the petitioner has put the correct interpretation upon subdivision 5, supra. It is clear from reading said subdivision that the minimum of $8 per week is only the minimum where the earnings of the injured employee are $8 per week or more. It is equally clear that where his weekly earnings are less than $8 per week, he shall receive the entire weekly earnings in the compensation award. This construction is in keeping with the intent of the Legislature that an injured employee shall not receive more in compensation than he was earning before the injury.

However, we cannot adopt the petitioner's contention that we should order the award made upon the basis of $200 divided by 52, as shown in the record before us. It is clear to us that claimant was attempting to bring himself within the provisions of subdivisions 1 and 2, section 13355, O. S. 1931, and that the employer was attempting to limit his compensation to that provided by subdivision 4 of said section 13355, supra. No evidence was taken upon the basis provided in subdivision 3 of section 13355, supra. We are unwilling to order an award which would foreclose claimant's rights in the absence of some opportunity for him to make a showing under subdivision 3, sec. 13355, supra, if he can do so.

It is next contended by petitioner that, inasmuch as it paid claimant ten weeks, from the date of injury to the date upon which the hearing was had and award entered, at the rate of $12.31, they are entitled to a credit of the difference between $12.31 and $4.84, found by us, under the evidence herein, to be claimant's rate of compensation. We hold that is a matter which should have been presented to the Commission, and since it was not urged before the Commission, we will not consider the matter on review.

Casual mention is made in the brief of petitioners to the award made claimant for an injury which was not reported in claimant's notice of injury, but no authorities are cited and no effort is made to substantiate this claim, and for that reason we need not further notice the proposition here.

The award of the Commission is vacated and the matter is remanded to it for further hearing, with directions to take testimony for the purpose of making an award under subdivision 3, if evidence warranting

such an award is introduced, and if not, to enter an award for the claimant under subdivision 4, sec. 13355, supra.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.