## B. & M. CONSTRUCTION CO. et al. v. ANGLIN et al.

No. 29110.     Oct. 17, 1939.

Ryan Kerr, of Hollis and Rolland O. Wilson, of Oklahoma City, for petitioners.

Thad L. Klutts, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the petitioner B. & M. Construction Company and the State Insurance Fund, insurance carrier, hereinafter designated in the opinion as petitioners, seeking a review of an award made to Newton Anglin, hereinafter referred to as respondent.

The record discloses that on the 8th day of March, 1938, there was filed with the State Industrial Commission, over the signature of W. L. Dixon, attending physician's report of an injury sustained by the respondent on February 25, 1938. At the same time there was filed employer's first notice of injury. On March 10, 1938, the State Industrial Commission entered an order approving a stipulation and agreement on Form 7 settling and adjusting the temporary total disability, and in said order it is recited: "The amount of permanent disa-

bility, if any, to be hereinafter determined." Thereafter, on March 10, 1938, respondent filed employee's first notice of injury and claim for compensation. On April 1 and April 5, 1938, the State Industrial Commission stamped a second claim substantially in the form of the first claim, "received." The first claim referred to above listed the nature and extent of the injury as a scalp wound; the second claim described an injury to the right eye, a back injury, impaired hearing, and face and head disfigurement. On April 2, 1938, the petitioners filed their answer and motion to dismiss, admitting the injury of February 25, 1938, the order of March 10, 1938, and payment of $16.16 as therein provided, and set up the defense that the injury was caused by a third person, and that the respondent received payment from and executed a release to this third person. Hearings were conducted before various inspectors, and on the 28th day of January, 1939, the State Industrial Commission entered an award for permanent partial disability, ordering payment of $600 for the loss of hearing, $496 for the injury to the eye. In the same order the petitioners were given credit for the $250 paid by the Consolidated Gas Utilities Company, who made the payment of $250 above referred to.

Petitioners seek to vacate the award. The record discloses that the respondent was an employee of the petitioner B. & M. Construction Company, and on the date of the injury was sent, at the direction of his foreman, to do some work for the Consolidated Gas Utilities Company, and was engaged in temporary work for the said company when he sustained an injury to his eye. The fact of the injury to his eye is not an issue, although the resulting disability is. The record further discloses that on the 3rd day of March, 1938, the Consolidated Gas Utilities Company paid the respondent $250 and the respondent executed a release of any claim against the said Consolidated Gas Utilities Company. The record further discloses that this $250 is credited on the award made by the State Industrial Commission to the respondent.

It is first urged that there is no competent evidence that the respondent was an employee of the B. & M. Construction Company. With this contention we cannot agree. Respondent urges that petitioners cannot contest the finding of fact that respondent was an employee, because they did not appeal from the order of March 10, 1938. We think it unnecessary to determine the effect of and the finality of the order of March

10, 1938, as denying the right of petitioners to contest the jurisdiction of the State Industrial Commission at this time (see McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P.2d 32; Pinkston Hardware Co. v. Hart, 159 Okla. 6, 12 P.2d 681; Hannah v. Oklahoma State Highway Commission, 172 Okla. 221, 45 P.2d 53), for the reason that we find evidence justifying the finding that the respondent was an employee of B. & M. Construction Company and was sent to do the work at the direction of his employer, and at the direction of said employer was digging a ditch for the Consolidated Gas Utilities Company. In fact, the petitioners filed an answer admitting that the accident arose out of and in the course of employment with the petitioner B. & M. Construction Company. There is evidence sufficient to support the finding of the State Industrial Commission that the respondent was an employee of petitioner at the time of the accidental injury. Briscoe Const. Co. v. Miller, 184 Okla. 136, 85 P.2d 420.

It is next urged that the respondent cannot recover because he settled with the Consolidated Gas Utilities Company and was paid the sum of $250 on the 3rd day of March, 1938, whereupon he executed a release to the said Consolidated Gas Utilities Company; that there has been a failure to comply with the terms and provisions of section 13368, O. S. 1931, 85 Okla. St. Ann. § 44, which relates to the method of assignments of claims from the employee to the employer for injury by third persons. We are of the opinion, and hold, that, under the rule announced in Sinclair Oil & Gas Co. v. State Industrial Commission, 151 Okla. 228, 3 P.2d 438, and Chickasha Motor Co. v. State Industrial Commission, 174 Okla. 304, 50 P.2d 308, the respondent was not barred from prosecuting his claim for disability by accepting the $250 on March 3, 1938. In Sinclair Oil & Gas Co. v. State Industrial Commission, supra, we said:

"The compromise of any such cause of action against a third person, in case of election to pursue the remedy against such person as stated in the first paragraph hereof, at an amount less than the compensation provided for by the Workmen's Compensation Act, shall be made only with the written approval of the State Industrial Commission. Any such compromise settlement made by the workman without the written approval of the commission is invalid and not binding upon the commission nor the workman, whether made with or without the consent, written or otherwise, of the person or insurance carrier liable to pay compensation."

Finally, it is urged that there is no competent evidence that the disability to the eye is a result of the accidental injury received in the course of employment. Dr. Guthrie testified that respondent had a disability to the eye, and that in his opinion it is the result of the accidental injury received February 25, 1938. We are of the opinion that there is competent evidence in the record that the disability is the result of the injury of which complaint is made. Hollis v. Mid-Continent Pet. Corp., 174 Okla. 544, 51 P.2d 498; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P.2d 450; Magnolia Pet. Corp. v. Ellis, 169 Okla. 58, 35 P.2d 958; Texas Co. v. Foreman, 169 Okla. 198, 35 P.2d 959.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.