Charles Argoles DOUGLAS, Petitioner,

v.

OKMAR OIL COMPANY and The Travelers Insurance Company and State Industrial Court, Respondents.

No. 39869.

Supreme Court of Oklahoma.

July 2, 1963.

Jack B. Sellers and Charles S. Woodson, Drumright, for petitioner.

Sanders, McElroy & Whitten, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

PER CURIAM.

This is an original proceeding for the review of an order of the State Industrial Court denying claimant's motion to re-open an earlier proceeding and award him further disability payments upon the ground of change of condition, under the provisions of 85 O.S.1961, § 28.

The earlier award, entered May 22, 1959, had been made for an injury to the back occurring on June 14, 1957, and was for 22½% permanent partial disability to the body as a whole. Subsequent to the original award, claimant filed his motion to re-open, and hearing on the motion was had on June 22, 1961 before a trial judge. Claimant's evidence consisted of his own testimony, and, as exhibits, two letters written by Dr. G, who had examined him in connection with the earlier proceedings. Employer and insurance carrier introduced no evidence. The trial judge denied the

**682** ■ ■

motion upon the ground that no change of condition had been shown, and the order was sustained on appeal to the State Industrial Court en banc.

■ On appeal, claimant states that the issue which decides this case is whether the evidence was sufficient to show that the claimant had suffered a change of his condition since the previous award. To that sentence we would add the words "and that such change was due to the original injury". It is well settled that under 85 O.S.1961, § 28, the burden is on the employee to show that subsequent to the time of the prior award there had been a change in his physical condition for the worse *and that such change was due to the original injury* before he can obtain an additional award because of change of condition. Sigler v. Tillery and Jones, Okl., 292 P.2d 423; Tinsley v. Goldenstern and Stolpher et al., Okl., 353 P.2d 6.

■ Without detailed summary of the evidence, it is sufficient to say there was no evidence that the change in condition, if indeed there was one, was due to the original injury. On the contrary, the letters from Dr. G, introduced as exhibits at the hearing on the motion to re-open, show that prior to the entry of the original award, he had advised claimant to avoid work involving heavy lifting and stooping and it may be presumed that the trial judge took this condition of claimant into consideration in making the prior award. The letters further show that claimant disregarded this advice and took a new job which did involve heavy lifting and stooping. This evidence was a sufficient basis for the finding of the State Industrial Court that claimant had not suffered a change of condition within the meaning of the statute, and justified a conclusion that his present complaints result not from any change in the condition produced by the prior injury, and for which he has been paid, but from the heavy lifting and stooping in which he engaged subsequent to the award of May 22, 1959.

■ The decision of the State Industrial Court is final as to all questions of fact,

and where there is any competent evidence reasonably tending to support the same, the order of the State Industrial Court will not be disturbed on review by this court. Magnolia Petroleum Co. v. Robbins, 170 Okl. 513, 41 P.2d 66.

The order of the State Industrial Court is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.