**TULSA STREET RY. CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 15267—Opinion Filed Jan. 7, 1925.

**Master and Servant — Workmen's Compensation Law — Review of Award—Jurisdiction.**

Where the State Industrial Commission has held a hearing and made an award of compensation for accidental injury, from which no proceedings to review have been brought to this court and no application for rehearing has been filed with the Commission within the time or upon any of the grounds prescribed by the rules promulgated by the Commission, such award is final. Thereafter the jurisdiction of the Commission to review such award is limited by the provisions of Comp. Stat. 1921, sec. 7296, and attaches only where there has been a change in conditions subsequent to the award.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original proceeding by the Tulsa Street Railway Company et al. to have reviewed an order of the State Industrial Commission awarding compensation to Arthur E. Crumb as for a total disability. Order reversed.

In February, 1923, Arthur E. Crumb was employed by the Tulsa Street Railway Company as a laborer in and about its car barns.

On the 12th of that month while splitting kindling he cut his foot, and thereafter filed claim for compensation with the Industrial Commission. On July 21, 1923, after a hearing the Industrial Commission made findings of fact that claimant was temporarily totally disabled from February 12, 1923, to April 16, 1923, and awarded him compensation at the rate of $10.10 per week for that period of time, and further found that by reason of such injury his earning capacity thereafter had been reduced from $3.50 per day to $3 per day, and for this partial disability allowed him further compensation at the rate of $1.50 per week after April 16, 1923, until further order of the Commission. No proceedings for review by this court were taken from this order of the Commission and the same became final. Thereafter, on December 24, 1923, claimant filed a petition with the Industrial Commission for a review of the award above mentioned, but such petition made no statement of facts and contained no allegations showing a change in conditions since the award of July 21, 1923. Thereafter, on March 14, 1924, and pursuant to a hearing the Industrial Commission entered another order finding that the claimant had totally lost the use of his left foot and awarded compensation in the sum of $10.10 per week for a period of 150 weeks beginning February 12, 1923, or a total of $1,515. It is to review this second award by the Commission that this proceeding has been commenced.

Burford, Miley, Hoffman & Burford, for petitioners.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by LOGSDON, C. Only one question is material for consideration in the disposition of this case, and that is whether the Industrial Commission was legally authorized to entertain the proceeding for review commenced December 24, 1923. The Attorney General in his brief has, with commendable frankness, virtually confessed error in the case. His language is this:

"Now, in our consideration of this matter the question here pertinent is: Was the petition or motion for a review of the award filed December 24, 1923, based on the statutory ground of a change in conditions? Very frankly, we think it is not. We think the motion would have been untimely for a rehearing because this motion sets up nothing new, but contains the identical matter which was adjudicated and determined in the Commission's award of July 21, 1923, and unless the motion or petition for review filed in December alleged a change in conditions and set up such facts as would

constitute a change in conditions the Commission, under the law, and under its own rules, would have no right whatever to entertain it."

From an examination of the evidence contained in the transcript it is apparent that the material facts developed upon the hearing resulting in the order of July 21, 1923, and those developed in the hearing of March 14, 1924, are in substance the same. It is nowhere disclosed that the conditions resulting from the injury were other or different in March, 1924, from those shown to exist in July, 1923. Claimant was still in the employ of the street railway company at a daily wage of $3, and was able to perform the duties required of him in that position just as he had done in 1923, subsequent to April 16.

Among the rules promulgated by the Industrial Commission pursuant to statutory authority is the following:

"Any party, or parties, aggrieved or dissatisfied with an award, order or decision of the board may at any time within 30 days after the service of same apply for a rehearing on the grounds that the board acted without, or in excess of its power; that the order, decision or award was procured by fraud; that the evidence does not justify the findings: that the applicant has discovered new evidence; that the findings do not support the order, decision or award. The application for rehearing shall set forth specifically and in full detail the grounds upon which said rehearing is asked."

It is apparent, therefore, that the petition filed December 24, 1923, was not authorized by the above rule of the Industrial Commission because the same was filed long after the expiration of the time fixed by said rule for filing an application for rehearing. The only other provision of law which can be relied upon to support this petition and the action of the Industrial Commission thereon is Comp. Stat. 1921, sec. 7296, which reads:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

It is clear that the petition of December 24, 1923, does not come within the provisions of this section for the reason that no change of conditions is anywhere alleged in such petition, nor are any facts stated from which a change of conditions could reasonably be inferred. Upon the filing of said petition the petitioners herein filed their motion to dismiss the same for the reason that the Industrial Commission was without jurisdiction to entertain the same either as an application for rehearing or as a petition for review upon changed conditions. This motion to dismiss was overruled.

It is considered that the confession of error contained in the brief of the Attorney General has been properly made and should be sustained, and that this cause should be reversed, with directions to the Industrial Commission to set aside and vacate its order of March 14, 1924, entered herein.

By the Court: It is so ordered.