**WADSWORTH COAL & MINING CO. et al. v. TIDWELL et al.**

No. 21527.   Opinion Filed Dec. 16, 1930.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

Anton Koch, for respondents.

HEFNER, J. This is an application to review an award of the State Industrial Commission made on the 17th day of June, 1930, wherein the Commission awarded the respondent J. W. Tidwell compensation for permanent and total disability which it found was due to an accident sustained in the course of employment with the Wadsworth Coal & Mining Company. The respondent strained his back while attempting to lift a mine car. He signed a stipulation and receipt acknowledging the fact that his disability had ended and that he had received compensation therefor in the sum of $54. Thereafter he filed a motion to reopen the case on the ground of a changed condition. The case was reopened and an award was made by the Commission. The first question presented by the application for review is that there was no competent evidence to sustain the finding of the Commission.

The rule is well established that an award cannot be reopened by the Commission until the claimant has established, not only a change in condition, but also that the change in condition was due to the original injury. From this it follows that to justify reopening the case on account of a change of condition due to the original injury it is necessary that there be some competent testimony to the effect, first, that there had been a change in condition, and, second, that the change was due to the original injury.

There is evidence in the record that the respondent's condition at the time of the second hearing was not the result of the injury originally received. On the contrary, the respondent's testimony and also that of Doctor Sadler supports the finding of the

Commission to the effect that there was a change in condition and that the change was due to the original injury. There being some evidence tending to support the finding of the Commission, its finding is binding on this court.

The second question presented by the application to review is whether the respondent acted with sufficient promptness in applying for reopening to entitle him to an additional award.

If there is a change in condition after an award has been made, the employer is entitled to know of the change as soon as it occurs, or within a reasonable time thereafter, in order that an investigation may be made. The respondent should be prompt in making his motion to reopen so that all the facts may be known to the employer and to the Commission at the earliest time that it can be reasonably done. In this case we do not think the respondent acted as promptly as he should have, but, notwithstanding this fact, we are not prepared to say, under all of the circumstances of this case, that a failure to act sooner than he did will bar him from recovery. The application to vacate the award of the Commission is denied.

LESTER, V. C. J., and RILEY, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and CLARK, J., absent. CULLISON, J., not participating.

Note.—See under (1) R. C. L. Perm. Supp. p. 6255; (3) 28 R. C. L. 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. p. 1211.