### SKELLY OIL CO. v. THOMAS et al.

No. 21264. Opinion Filed Jan. 6, 1931.

W. P. Z. German, Alvin F. Molony, Robert M. Turpin, and Geo. W. Cunningham, for petitioner.

Carlton & Tankersley, for respondent.

CULLISON, J. This is an original proceeding in this court to review an order and award by the State Industrial Commission

in favor of the respondent, John W. Thomas, hereinafter called the claimant, and against the petitioner, Skelly Oil Company.

The claimant, while working for petitioner oil company at its Earlsboro, Okla., gasoline plant, was struck on the head in the right occipital region, by a bolt or piece of iron which fell from a scaffold, causing a bruise, but not fracturing claimant's skull. The injury occurred September 17, 1928.

Petitioner paid claimant compensation from the date of the injury, September 17, 1928, until November 24, 1928.

On November 7, 1928, claimant filed with the Industrial Commission a claim for compensation; the cause was set for hearing, and after several continuances the Commission on May 6, 1929, entered its order wherein it found claimant had received an accidental personal injury on September 17, 1928, arising out of and in the course of his employment with petitioner, and that by reason of said injury claimant was temporarily totally disabled from the date of the injury to November 24, 1928, for which period of disability compensation had theretofore been paid; and further found that;

"The evidence is insufficient to show claimant suffered any disability beyond that period by reason of said accidental injury."

The order and award of May 6, 1929, was duly mailed to all parties affected thereby on May 6, 1929, and on May 29, 1929, more than 10 days after the rendition of said order and the mailing thereof to interested parties, claimant filed a petition with the Commission asking for a rehearing (1) on the ground of newly discovered evidence, and (2) on the ground of change in his condition.

The Commission at a hearing on said petition November 5, 1929, denied claimant's petition requesting a rehearing on the ground of newly discovered evidence, for the reason the same was not filed within 10 days from the date of said award, in compliance with rule 30 of the Commission. This ruling of the Commission is not questioned on this appeal.

However, the Commission sustained that part of claimant's petition requesting a rehearing on the ground of change in his condition; set the cause down for hearing; conducted hearings thereon; and on March 20, 1930, the Commission found that there was a change in claimant's condition, as alleged, and ordered petitioner to pay claimant the sum of $651.50 as compensation from May 29, 1929, to March 21, 1930, and to continue such payments at the rate of $15.39 per week until further order of the Commission.

From this order and award of March 20, 1930, petitioner oil company appeals to this court.

Under the view that we take in this case, the first contention presented by petitioner on appeal is conclusive as to the rights of the parties here under consideration. Petitioner contends:

"The evidence introduced at the second trial of this case, in support of claimant's contention that his condition had changed, was not sufficient to justify the Commission in making the award appealed from herein, but, on the other hand, the uncontradicted and uncontroverted evidence shows affirmatively that claimant's condition had not been changed."

The petitioner admits that under section 7296, C. O. S. 1921, as construed by this court, the Industrial Commission may, under certain conditions, review a prior award; reopen the case and award further compensation upon a showing of change of condition.

Attached to this well-settled rule is the burden placed upon the claimant to establish two essential facts:

(1) That there has in fact been a change of condition since the original award was made; and,

(2) That the changed condition is due to the original injury.

See Industrial Track Construction Co. v. Colthrop, 132 Okla. 77, 269 Pac. 263; Summers v. Bendelari, 128 Okla. 243, 262 Pac. 648.

It is self-evident that a failure to establish the first essential fact (that there has in fact been a change of condition since the original award was made) necessarily precludes any inquiry as to the second essential fact (that the changed condition is due to the original injury).

Petitioner contends further:

"That not only is there an entire absence of evidence showing that claimant's condition has changed, but that the record affirmatively shows that this condition has not changed since the original order or decision of the Commission, or since the dates on which the first trial was had."

Under the rule as announced above, and the issues here presented, we, therefore, must look to the evidence to see if it supports the allegation of such change of condition.

Although there is no specific allegation

made by the claimant as to the nature of the alleged change of condition, the premise appears to be that the change is in the nature of a paralysis to the right side of claimant's body, and that he is suffering from psychoneurosis or hysterical paralysis.

Drs. L. H. Stewart, Fred Y. Cronk, A. C. Shuler, and Eugene Rice, called as witnesses at the first trial by petitioner, all testified as to examinations made of claimant shortly after the injury—stating that their examinations disclosed claimant had received a blow on the right side of his head; that the blow did not cause a fracture of the skull. On the question of whether or not the blow could possibly cause paralysis to the right side of claimant's body, these physicians and each of them testified positively that if the blow was sufficient to cause paralysis, the paralysis could not possibly be on the right side of the body. Questioned as to whether there was any exception that a blow on the right side of the head could only cause paralysis on the left side of the body, and not on the right side of the body, the doctors responded that there were no exceptions— "it is a physiological fact."

The claimant's own testimony at the first trial, after reciting the facts surrounding the cause of the injury, was that he was unable to continue work; that he was examined by the above-mentioned physicians, and was taken to the State University Hospital at Oklahoma City, where he was treated, and that at that time he was suffering from pain in the head and a drawing sensation in the right arm, right side, right leg, and the entire right side of the body, and that he suffered from dizziness.

The Commission at the date of the first trial had before it the reports of claimant's own Doctors Long and Long.

In a letter from Drs. Long and Long, written prior to the date of the first hearing and before the Commission when the first order was entered, the following statements concerning the condition of the claimant are made:

"In the case of J. W. Thomas, who was under our care at University Hospital, we wish to say that we are of the opinion that he has a traumatic psychosis, that it, disturbances of his nervous system resulting from the injury to the head. His most important complaint is his inability to properly use the right arm and right leg. We doubt that there is an actual organic basis of his symptoms, but that he has what is frequently called hysterical paralysis. This is very real to him, but we believe that by proper

encouragement and guidance it will get better. At this time, we regard Mr. Thomas as being totally disabled and we believe that he has been ever since he was injured. We do not know how long the total disability may last, but it will probably be at least some months."

And in a report of examination of claimant under date of March 11, 1929, also before the Commission when the first order was entered, Drs. Long and Long say:

"* * * He complains of pain in the right side of the head, loss of sensation throughout the right side of the head, neck, face, body, and right arm and right leg, and of inability to properly use the right arm and the right leg. * * * I do not believe that there is an organic lesion anywhere that accounts (for the symptoms of this man. A lesion in the brain, regardless of the side on which it occurs, would not produce the loss of sensation throughout exactly half of the head, body and extremities." (Emphasis ours.)

Based upon the foregoing evidence, the Commission in the first order of May 6, 1929, found:

"That the evidence is insufficient to show claimant suffered any disability beyond that period by reason of said accidental injury."

### Second Trial.

The only evidence introduced by claimant at the second trial, wherein he sought to establish a change in condition, was that of Dr. Long, who testified in claimant's behalf at the first trial, and the testimony of claimant himself.

Dr. Long's testimony at the second trial is substantially the same as that at the former trial.

At the second trial Dr. Long stated that claimant was probably suffering from hysterical paralysis, which had as its physical basis the injury sustained by him on September 17, 1928.

Dr. Long further testified that claimant had psychoneurosis in March, 1929, at the date of the first trial, which statement finds support in the reports by Drs. Long and Long, above, quoted from, which were on file before the Commission at the time the first order was entered.

Dr. Long further testified that claimant's condition was essentially the same as at the date of the first hearing. The Doctor further testified:

"Q. Dr. Long, the things you just testified to as being your findings and conclusions from your examination on the 5th of this

month, are substantially the same as the findings and conclusions of the previous examination? A. Yes, sir. Q. No difference, Doctor? A. I think there is no essential difference since March. * * * Q. Doctor, you stated you had heretofore examined the patient in March, 1929, I believe March 16, 1929, then you again examined him May 18, 1929, and that you then examined him on the 5th of November, 1929. What would be your opinion as to his condition on the last examination as compared with the two former examinations? A. Probably the same, **certainly not any worse**, he was, I think, at a standstill. * * * Q. How did you find his condition as a result of your examination of November 5th, as compared with the condition you found existing as of March 16, 1929, the other was of May 18th, this goes back to the other one, and in that connection, I will ask you did he improve as much as you expected him? A. **The condition is essentially the same as it was in March, certainly not any worse.** * * * Q. Doctor, if this man has neurosis, which you testified psychoneurosis, I will ask you whether or not he had that condition when you had him in March (preceding the rendition of the first order of the Commission). A. He did. * * * Q. Essentially his condition (claimant's) is the same as it has been for the last—when I observed him—well, since March, much better when I first saw him in January at the hospital."

The claimant's own testimony at the second trial reiterates his statements made at the first trial, and the strongest testimony of claimant at the second trial tending to establish a change in his condition is that he was not any better at the date of the second trial than at the first trial. Claimant himself fails to state that his condition at the time of the second trial was worse than at the date of the first trial.

The above evidence, together with the other evidence contained in the record, convinces us that the material facts developed upon the first hearing resulting in the order and award of May 6, 1929, and those developed in the second hearing upon change of claimant's condition resulting in the order and award of March 20, 1930, are in substance the same.

It is nowhere disclosed that the conditions resulting from the injury were other or different at the date of the second hearing in March, 1930, from those shown to exist in May, 1929, at which time the Commission held the evidence insufficient to show claimant suffered any disability other than temporary total disability from the date of the injury up until the date of the first trial, by reason of said accidental injury.

Under this state of the record, we are of the opinion and hold that there is no competent evidence in the record to support the finding of the Commission of a change in claimant's condition since the date of the original award and the further compensation granted to him on that ground by the award of March 20, 1930; the same therefore may be reviewed by this court as a matter of law. Warren City Tank & Boiler Co. v. Millham, 132 Okla. 244, 270 Pac. 85; Lucky-Kidd Mining Co. v. State Industrial Commission 110 Okla. 27, 236 Pac. 600; Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862.

In Cox v. State Industrial Commission et al., 140 Okla. 59, 282 Pac. 610, the claimant, Cox, received an award at the hands of the Industrial Commission. Thereafter, claimant filed his motion requesting the Commission to reopen the case and grant him further compensation, claiming that there had been a change of condition disclosed by greater injuries than when the original award was made. The Commission therein refused further compensation, holding that claimant had failed to prove a change in condition, and this court after reviewing the evidence introduced by claimant to prove his changed condition, upheld the decision of the Commission in its finding that there was no changed condition shown to exist. In the first paragraph of the syllabus of the Cox Case, supra, the court held:

"In order to reopen a case and award further compensation upon account of change of condition, the claimant must establish before the Industrial Commission that there has in fact been a change of condition since the original award was made, and further, that the same was due to the original injury."

The claimant herein, John W. Thomas, having failed to introduce evidence establishing that there had in fact been a change of condition since the original award was made, it follows that the Commission was unauthorized to enter its order and award of March 20, 1930, allowing him further compensation on the ground of change in condition.

The order and award of the Industrial Commission of March 20, 1930, is, therefore, reversed and the cause remanded to the Industrial Commission, with directions to vacate and set aside the order and award of March 20, 1930.

HUNT, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., and CLARK, J., absent.

LESTER, V. C. J., dissents.