## WHITE OAK REFINING CO. et al. v.
## WHITEHEAD et al.

No. 22088.   Opinion Filed June 16, 1931.

Clayton B. Pierce and A. M. Covington, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J.   This is an original proceeding commenced in this court to review an award of the State Industrial Commission.   On October 1, 1929, Marion Whitehead, as claimant, filed his claim for compensation against the White Oak Refining Company, as respondent, and Aetna Life Insurance Company, as insurance carrier.   On November 12, 1929, the claimant and the insurance carrier reached an agreement on compensation for temporary total disability, which was filed with the State Industrial Commission on November 18, 1929, in which it was agreed that the claimant was injured on September 5, 1929, and that his disability ended on October 19, 1929; that the nature of his injury was to his right ankle, leg, and hip, and that the extent of his disability was temporary total, and the character and extent of special injury was none; that claimant's average weekly wages were $3.60 per day, rate of compensation $13.85 per week, total paid employee $80.79; compensation ended October 19, 1929; period of disability 5 weeks and 5 days; and that hospital and medical expenses in the sum of $12 were paid.   In the stipulation at the second hearing, it was agreed the total medical expenses to that date were $41.   On September 17, 1930, the claimant filed a second claim for compensation, in which he alleges that the accident occurred on September 20, 1929, instead of the 5th day of September, 1929, as stated in the original claim for compensation, and as found by the Commission.   On the same date, claimant filed a motion to reopen and set down for hearing, in which he alleges and states: (1) That this claimant was hurt on or about September 20, 1929, while working for the White Oak Refining Company of Allen, Okla., and was paid three weeks' compensation, with the verbal understanding and agreement that this

claimant was to go back to work for said company; that claimant has never been able to return to work, and at this time is not able to return to work, and has been informed and believes that he will never be able to return to work; that claimant is permanently injured as alleged in claimant's claim this day filed before the Commission. (2) That the respondent and insurance carrier has had claimant examined by competent doctors and know the extent of claimant's injury, and have attempted to settle with claimant by paying him the beforementioned compensation and promising him a job with the respondent when they well knew that claimant would never be able to return to work. (3) The claimant is a cripple for the rest of his life by reason of said injury and has never been paid or settled with for same.

The award entered on the agreed statement of facts after filing of the first claim for compensation is as follows:

"Now, on this 24th day of January, 1930, the State Industrial Commission being regularly in session this cause, comes on to be considered pursuant to stipulation and receipt filed by the parties herein on November 18, 1929, and the Commission having examined the record and having considered said stipulation and receipt, finds that claimant was injured September 5, 1929; that disability ended October 19, 1929, and that claimant received compensation for temporary total disability at the rate of $13.85 per week for the said period of 5 weeks and 5 days, based on a wage of $3.60 per day.

"And further finds claimant has received compensation at said rate for a period of 5 weeks and 5 days in the total amount of $80.79.

"It is therefore ordered: That said amount so paid for temporary total disability be approved and that the case be closed.

"LB

"Upon the adoption of the foregoing order the roll was called and the following voted aye: Doyle, Chairman, Roblin, C., & McElroy, C."

On October 13, 1930, the State Industrial Commission gave notice of hearing on the motion of claimant to determine extent of disability based on the second claim for compensation and the motion to reopen and set down for hearing filed September 17, 1930. The hearing was held on September 29, 1930, at which hearing it was stipulated that the respondents, White Oak Refining Company and Aetna Life Insurance Company, its carrier, had paid Marion Whitehead compensation for a period of 5 weeks and 5 days at

the rate of $13.85 per week, amounting to $80.79, and medical expenses in the sum of $41; it was further agreed that Marion Whitehead was an employee of the White Oak Refining Company on or about September 5, 1929, and that the respondent White Oak Refining Company was engaged in a hazardous employment, and that Marion Whitehead was temporarily disabled by reason of an injury received on or about September 5, 1929, for a period to October 19, 1929. Evidence was also offered at said hearing. On January 13, 1931, upon consideration of the stipulation and testimony, the Commission made the following findings:

"(1) That on and prior to September 5, 1929, claimant, Marion Whitehead, was in the employ of respondent, White Oak Refining Company; when he jumped to ground from tank car when wrench slipped; injuring right ankle, hip and leg.

"(2) That, as a result of said aforementioned accidental injury, claimant has been, since September 5, 1929, and was at the time of said hearings, totally disabled from the performance of ordinary manual labor.

"(3) That temporary total has been paid from September 5, 1929, to October 19, 1929, at the rate of $13.85, in the sum of $80.79.

"(4) That on September 17, 1930, claimant filed a motion with this Commission to reopen cause and award further compensation.

"(5) That the average wage of claimant was $3.60 per day.

"The Commission is of the opinion: By reason of aforesaid facts, that claimant is entitled, under the law, to compensation from September 17, 1930, to November 19, 1930, being 9 weeks at the rate of $13.85 per week, amounting to $124.65, and continued thereafter until otherwise ordered by the Commission, and also such reasonable medical expense as has been incurred by claimant by reason of said injury.

"It is therefore ordered: That within 15 days from this date, respondent or insurance carrier herein, pay to claimant the sum of $124.65, being compensation at the rate of $13.85 per week from September 17, 1930, to November 19, 1930, and any compensation remaining due from November 19, 1930, to date, and continuing thereafter weekly at the rate of $13.85 per week until otherwise ordered by the Commission, and also pay such reasonable medical expense as has been incurred by claimant by reason of said injury.

"It is further ordered: That within 30 days from this date, respondent or insurance carrier herein, file with the Commission

proper receipt or other report evidencing compliance with the terms of this order.

"HOM:JC. Upon the adoption of the foregoing order the roll was called and the following voted aye: Chairman Doyle, Commissioner McElroy."

No evidence was offered at the second hearing to prove that any fraud or misrepresentation was used to induce the respondent to sign the agreed statement of facts as alleged in the motion to reopen.

This proceeding is commenced to review the last award of the State Industrial Commission. The case is submitted to us upon three propositions: (1) That no motion was filed to review the award on the ground of a change in condition, and that the Commission, on its own motion, did not review the award rendered on the ground of a change in condition, and that the Commission made no finding of fact that there had been a change in the condition of the claimant, Marion Whitehead, one of the respondents herein, since the award was made on the agreed statement of facts; (2) that the statutory obligation of the employer to pay compensation during the continuance of the disability is subject to the implied condition that the workman shall avail himself of such reasonable remedial measures as are within his power; and (3) that the finding of the State Industrial Commission, to the effect that the respondent Marion Whitehead was totally disabled from the date of the injury until the date of the hearing by Industrial Commission, is not only not supported by the evidence, but is contrary to the evidence. Examination of the record will show that the claimant did not file an application to review the award rendered on the agreed statement of facts upon the ground of a change in condition, unless we should hold that his second claim for compensation and his motion to reopen and set down for hearing construed together, and under a liberal construction, might state facts sufficient to show that the review was requested on the ground of a change in condition. If the Commission had found that there was a change in the condition of the respondent Marion Whitehead, and we did not deem it necessary to set aside the last award upon other grounds, we would be inclined to hold that the second claim for compensation and the motion to reopen, construed together, would be sufficient at least to call the attention of the State Industrial Commission to the fact that there had been a change in condition of the claimant since the award for temporary total disability was rendered, and such as would jus-

tify the Commission upon its own motion to review the case on the ground of change in condition for the reason that the second claim for compensation states that the claimant has never been able to return to work and that he suffered the loss of use of a member and that his injuries are permanent. However, this court only reviews the findings of fact as made by the Commission, and, as the case must be reversed for other reasons, we feel it proper to call the attention of the State Industrial Commission to some of the former decisions of this court, which it seems to have overlooked, so it may make a proper finding of fact. In Bedford-Carthage Stone Co. v. Industrial Commission of Oklahoma, 119 Okla. 231, 249 Pac. 706, this court said:

"Where an award of compensation for accidental injury is not questioned by application for rehearing filed within 10 days, as provided by the rules of the Industrial Commission, nor by an action in the Supreme Court, within 30 days, such award is final and conclusive upon all questions within the Industrial Commission's jurisdiction, and the Commission is without power or jurisdiction thereafter to vacate, modify, or change the award except upon the ground of a change in conditions."

This case was decided on September 21, 1926, and the legislative intent declared. Since that time there have been three regular sessions of the Legislature, and at least one special session. The 1929 Session of the Legislature amended section 7297, C. O. S. 1921, of the Workmen's Compensation Law, to require supersedeas bonds. If the legislative branch of this state was of the opinion that this court had not placed proper construction on the several sections of the Workmen's Compensation Law, it would certainly have amended the law and expressed the legislative intent. The rule stated by this court in the case cited has been announced in Tulsa Street Ry. Co. v. State Industrial Commission, 105 Okla. 265, 232 Pac. 418; Tidal Refining Co. v. Tivis, 91 Okla. 189, 217 Pac. 163; Wadsworth Coal & Mining Co. v. Tidwell, 147 Okla. 22, 294 Pac. 1092; Olentine v. Calloway, 147 Okla. 137, 295 Pac. 608; Skelly Oil Co. v. Thomas, 147 Okla. 86, 295 Pac. 213; Standard Paving Co. v. Lemmon, 129 Okla. 15, 263 Pac. 140; Southern Fuel Co. v. State Industrial Commission, 141 Okla. 127, 284 Pac. 35; K. D. Oil Co. v. Datel, 145 Okla. 264, 292 Pac. 564; Marland Production Co. v. Hogan, 146 Okla. 220, 294 Pac. 115.

In Liddell v. State Industrial Commission, 126 Okla. 235, 259 Pac. 265, this court fol-

lowed the case of Thomas v. Ford Motor Co., 114 Okla. 3, 242 Pac. 765, and announced the rule of law relating to reviewing an award of the State Industrial Commission as follows:

"The law is now well settled in this state that, in a proceeding in this court to review an order of the State Industrial Commission, such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same."

Section 7294, C. O. S. 1921, as amended by section 7, ch. 61, Session Laws 1923, among other things, provides that:

"The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article, as to all questions of law."

So, it may be clearly observed that the court only reviews the findings of facts made by the State Industrial Commission to determine whether or not there is any competent evidence to sustain the award; if there is any competent evidence disclosed by the record, then we are bound by the finding of the State Industrial Commission. This court may also review the award to determine whether or not the State Industrial Commission properly applied the law to the facts as found by the Commission. This is in harmony with the provisions of the Workmen's Compensation Law wherein it provides that the decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article, as to all questions of law. Section 7297, C. O. S. S. 1921, as amended by section 8, ch. 61, Session Laws 1923, is the section providing for filing proceedings to review the award, and providing that the award shall become final and conclusive upon all questions of fact and law within the jurisdiction of the Commission between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision. Section 7325, C. O. S. 1921, as amended by section 13, ch. 61, Session Laws 1923, preceding the proviso, provides that:

"The power and jurisdiction of the Commission over each case shall be continuing, and it may from time to time make such modifications or changes with respect to former findings or orders relating thereto, if, in its opinion, it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the penalties for refusal."

While this portion of the statute gives the Industrial Commission continuing power and jurisdiction, the procedure for invoking that jurisdiction of the Commission over each case commenced under section 7294, C. O. S. 1921, is found in section 7296, C. O. S. 1921, which provides that:

"Upon its own motion or upon the application of any party in interest on the ground of change in conditions, the Commission may, at any time, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

Hence, if the State Industrial Commission finds that an employee has sustained an accidental personal injury arising out and in the course of his employment, and that he is engaged in one of the hazardous employments defined in the Workmen's Compensation Law, that he is entitled to temporary total disability for a certain number of weeks, and the claimant files a motion to review on the ground of a change in conditions on the ground that his injury was more serious than the facts disclosed at the time the award was made, and the Commission has a hearing and finds that there has been no change in conditions, then he cannot go back of that finding at a later date, but he may file a second application to review, alleging a change in conditions since the last hearing and show that there has been a change in conditions since that date and prior to the filing of the second application to review, and this, in our opinion, is just what section 7325, as amended by chapter 61, Session Laws 1923, preceding the proviso, means, that the jurisdiction is continuing and that the Industrial Commission may from time to time make such modifications or changes with respect to former findings and orders relating thereto if, in its opinion, it may be justified, and the procedure for so doing is found in section 7296, C. O. S. 1921, which provides that it may act upon its own motion or upon the motion of any party in interest. If the Commission did not have continuing jurisdiction to change its former findings and orders, it would be difficult for it to change its former award on the grounds of change in conditions and make its findings and award appear consistent, for without a

change in its findings of fact, if it ended or increased or diminished its award, the judgment or decision would be contrary to the facts; it could not consistently make an award based on a change in conditions and allow total permanent or total partial disability on its findings of fact, in the first instance, that there was only a temporary partial or temporary total disability. If the award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, as the act clearly states, the parties to the proceeding are the only persons concerned in the award or decision, and since, under the law, when it becomes final and conclusive as to them, we see no reason why the Commission has any grounds to complain, or has any power or jurisdiction to change an award or decision that has become final and conclusive as between the parties.

This is the construction given the Workmen's Compensation Law in numerous decisions of this court, and we see no good reason at this time for changing the well established rule of this court and refuse to do so.

Upon the second proposition, that it was the duty of the claimant, respondent Marion Whitehead, to avail himself of such reasonable remedial measures as were within his power, we think the duty of the respondent is clearly stated in the former decisions of this court, and that the duty of the petitioner is clearly announced in section 7288, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, that the employer shall promptly provide an injured employee such medical, surgical, or other attendance or treatment, nurse and hospital services, medicines, crutches and apparatus as may be necessary during 60 days after the injury, or for such time in excess thereof as in the judgment of the Commission may be required.

In Chicago Bridge & Iron Works v. Sabin, 105 Okla. 62, 231 Pac. 851, this court said:

"Where an employee is injured, and claims compensation under the Workmen's Compensation Laws of this state, and receives the same up to and including the date when such injured employee should have been cured had he submitted to medical and surgical treatment in no manner endangering life to the slightest degree, or occasioning pain, he cannot recover compensation for an increase of disability due to his failure to accept such treatment and use ordinary care to avoid aggravating the injury.".

Also, in Moran v. Oklahoma Engineering & Machine & Boiler Co., 89 Okla. 185, 214 Pac. 913, it was said:

"The statutory obligation of the employer to pay compensation during the continuance of the disability is subject to the implied conditions that the workman shall avail himself of such reasonable remedial measures as are within his power."

To the same effect is the case of Lesh v. Illinois Steel Co., 163 Wis. 124, 157 N. W. 539, in which that court said:

"Where the claimant under the Workmen's Compensation Act unreasonably refuses to undergo a safe and simple surgical operation which is fairly certain to result in the removal of the disability, and is not attended with serious risk or pain, and is such as an ordinarily prudent and courageous person would submit to for his own benefit and comfort, no question of compensation being involved, the disability which the claimant suffers thereafter, a reasonable time being allowed for recovery, is not proximately caused by the accident, but is the direct result of such unreasonable refusal."

We have carefully examined the testimony upon this issue, and it appears to us that the claimant, Marion Whitehead, one of the respondents herein, did not refuse to avail himself of medical or surgical attendance proffered him by the petitioners, but, on the contrary, it appears to us that his failure to go to the hospital was more through ignorance on his part of his right to hospital and surgical attention than it was to his neglect. While he states that an attending physician sent him to a physician and surgeon at Oklahoma City and the surgeon there suggested that he go to a hospital, he stated to the surgeon that he did not have the means to defray the expenses, and the surgeon advised him that it was a special case and that he did not have the authority to send claimant to the hospital, or stated that in substance. The claimant owes a duty, not only to his employer, but to himself and his family, to return to his previous health as speedily as possible, and to this end he is required to act reasonably, and, on the other hand, the employer owes him the duty to promptly furnish him necessary medical, surgical, or other attendance or treatment, nurse and hospital services, medicine, crutches, and apparatus, as may be necessary during 60 days after the injury, or such time in excess thereof as in the judgment of the Commission may be required, and unless he unreasonably refuses to take treatment as an ordinarily prudent and courageous person would submit to for his own benefit and comfort, no question of compensation in-

volved, the claimant will not be barred from recovering compensation unless it is established as a fact that the employer has offered hospital or medical attention and the claimant has unreasonably refused the same. Had the employer offered to send him to a hospital where skilled surgeons might treat him, and he had willfully refused to take treatment as an ordinarily prudent and courageous person would submit to for his own benefit and comfort, no question of compensation being involved, there would be much more force in the contention of petitioners. However, under the condition of the record, we do not feel that we would be justified in holding that the respondent Marion Whitehead refused to take necessary treatment tendered him by the employer.

This brings us to the discussion of the third proposition. We think that had the Commission found that there was a change in conditions of the respondent Marion Whitehead, the Commission was in error in fixing the compensation. The Commission found that, as a result of said accidental injury, claimant has been, since September 5, 1929, and was, at the time of said hearings, totally disabled from the performance of ordinary manual labor, and allowed him compensation for total disability. This was error. The record showed that the claimant had an earning capacity and was receiving some compensation, and had received some compensation a considerable portion of the time since the first award expired. This court, in Otis Elevator Co. v. Haveley, 148 Okla. 82, 296 Pac. 1106, held:

"The claimant received an injury in his back and thereafter returned to work with his former employer. His average wage before the injury was $40 per week and after the injury was $33.50 per week. In this class of disability, the compensation shall be 66 2/3 per centum of the difference between his average weekly wages before the injury and his wage-earning capacity thereafter in the same employment, or otherwise payable during the continuance of such partial disability; not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest."

And further that:

"Incapacity or disability cannot be found to be total, where it appears that the claimant's earning power is not wholly destroyed, and that he is still capable of performing remunerative employment. In such a case, he is under the obligation of making active efforts to procure such work as he can still perform."

See, also, Integrity Mutual Casualty Co. v. Garrett, 100 Okla. 185, 229 Pac. 282; Skelton Lead & Zinc Co. v. State Industrial Commission, 100 Okla. 188, 229 Pac. 255. So, in this case, we hold that the claimant receiving injuries to his ankle, leg, and hip, was entitled to compensation within the residuary clause of statute allowing two-thirds of difference between average weekly wages before injury and wage-earning capacity thereafter. Also, that incapacity or disability is not total where claimant is still capable of performing remunerative employment; one claiming compensation who remains capable of performing remunerative employment must make active efforts to procure work. Owing to the fact that this case must be retried before the Commission, we desire to call the attention of the Commission to certain other issues that may arise in the case. The record in this case shows that the claimant sustained an injury to his shoulder, as well as to his ankle, leg, and hip. There was no finding made by the Commission relative to the injury to the shoulder. Also, upon the issue of a change in condition, it appears from the record that the Commission allowed compensation for total disability from September 17, 1930, to November 19, 1930, being nine weeks at the rate of $13.85 per week, amounting to $124.-65, and continuing thereafter until otherwise ordered by the Commission. We fail to find any evidence in the record that the respondent Marion Whitehead had a change in condition on September 17, 1930, and we do not understand upon what testimony the Commission based this finding. The first award was for temporary total disability for 5 weeks and 5 days. If the condition of the respondent Whitehead was such at the end of that period of time that he could return to work, performing ordinary manual labor or other work of a remunerative nature, then he had a wage-earning capacity, and after returning to work operating a sheller or other light work, his disability was either partial temporary or partial permanent. These are facts that must be passed upon by the Commission, and the Commission must determine whether or not there has been a change in conditions, and if so, when it occurred, and whether or not it occurred subsequent to the first award. We are not authorized to make a finding of fact, as that is the province of the Commission, and this court acts solely in a reviewing capacity.

We are of the opinion that the order, in so far as it requires the petitioner to pay such reasonable medical expenses as have been incurred by the claimant by reason of such injury, should be affirmed, and that the portion of the award finding respondent

Marion Whitehead totally disabled from September 17, 1930, to November 19, 1930, amounting to $124.65, and continuing thereafter until otherwise ordered by the Commission, should be vacated, and the Commission authorized and directed to further proceed consistently with the views herein expressed.

It is so ordered.

RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., absent. CLARK, V. C. J., not participating.