## HAURY MANAHAN & CO. et al. v. BLACK et al.

No. 22198.   Opinion Filed Nov. 3, 1931.

Hal Crouch and Philip N. Landa, for petitioners.

Cooke & McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

LESTER, C. J. This is an original action in this court to review an award of the State Industrial Commission. Carl Black, who will be referred to as claimant, while working for Haury Manahan & Company, was struck by a falling traveling block on February 3, 1927, and sustained injuries to his left arm and shoulder, hip and back. On October 28, 1927, after claim had been filed for compensation, the Industrial Commission made an award based on the agreement of the parties allowing the claimant $222 for total temporary disability up to a certain date. Thereafter the record reflects that on the 20th of February, 1931,

the Commission heard evidence on a motion, by the claimant to reopen the case and grant compensation on the grounds of changed condition. In the same month the Commission entered an award in which it found that by reason of the temporary total disability resulting from the injury received on February 3, 1927, the claimant's earning capacity had been decreased 75 per cent. and awarded 66⅔ per cent. of the difference between the average weekly wages prior to the injury and his earning capacity subsequent to the injury, or the sum of $18 per week during the disability, not to exceed 300 weeks.

From this award the employer and the insurance carrier commenced this proceeding in this court to review the award of the Industrial Commission and make the following assignments of error: "That the evidence showed no change of condition subsequent to the original order of the Industrial Commission." That there is no evidence to sustain the motion filed that the claimant sustained a contused right arm, right hip, and fracture of the left ilium. "That there is no evidence to support the Commission's finding that the claimant suffered 75 per cent. loss in earning capacity."

The testimony in• this case on the part of the claimant is substantially as follows:

That while working for the employer, a driller dropped a traveling block on him causing injury hereinbefore described; that he was taken to a physician and by him discharged as physically able to work and was paid $222 pursuant to said order of the Commission; that he returned to work about a month following the settlement.; that he thought he was in good condition and felt able to work; that. he worked three days for the Carter Oil Company for $4 per day as a roustabout worker; that while so engaged his back became so sore that he was discharged because he could not do the work. He did not try to do oil field work again until May, 1930, and again his condition was such that he could not perform such labor. He testified that he could do and had done light farm work for which he received $1 per day with board.

Testimony shows that prior to the injury he received $6 per day; that he then worked for the Independent Oil & Gas Company for two or three days. This work consisted in riding a wagon and required only light exertion. He testified that his arm was gradually growing weak, his back, hip and arm weaker than they were prior to that time; that he was in better condition in October,

1927, than he was at the time of the trial.

We think there is sufficient evidence in the record going to show change in condition. Dr. C. C. Shaw, who testified for the claimant, stated that he made an X-ray of his injury and that there was a fracture in the fifth lumbar vertebra as a result of the injury; that he found soreness and tenderness in the back portion of the left hip and lumbar portion of the spine, fixation of the shoulder joint; that claimant sustained a permanent disability by reason of the fracture to the fifth lumbar vertebra to the extent of 35 per cent. and a permanent disability to his left shoulder and arm to the extent of 15 per cent.; that if claimant went out and undertook to do oil field work or any other heavy work as testified by claimant his condition would naturally become worse.

Petitioners insist that in view of the finding made by the Industrial Commission that the order does not show a change of condition or that there was such a matter before the Industrial Commission for consideration. We think that the order of the Industrial Commission may have been more explicit and gone more into detail as to conclusions of fact, but from a reading of the entire order or award in light of the record in this case, combined with the fact that the claim or motion was to reopen on the grounds of changed condition, the order of the Commission was sufficient in its terms and form.

As to the other questions herein, they are answered by the case of Lane & Wasson Company v. Wright, 126 Okla. 53, 258 P. 728, wherein it is held:

"Where the Industrial Commission has made an award to a claimant for temporary injuries and it later develops that instead of injuries being temporary the same has become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized, under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

It may be seen from the foregoing authority that the Commission had jurisdiction and authority to make the award, and where the motion is granted upon the ground of change of condition, such finding of fact by the Industrial Commission is conclusive.

In the case of Wentz et al. v. Brookshire, 150 Okla. 92, 300 P. 652, it is held:

"Where claimant files a motion to reopen a case arising under section 7294, on the ground of a change of condition, a finding of the State Industrial Commission that the cause should be reopened and further compensation allowed is a finding of every fact necessary to support said award, and, where the same is supported by competent evidence, this court will not disturb same on review."

Award affirmed.

RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (1) 28 R. C. L. 823; R. C. L. Perm. Supp. p. 6247.