## OAK et al. v. BARR et al.

No. 22729. Opinion Filed April 12, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

J. Berry King, Atty Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original proceeding before this court to review an order and award of the State Industrial Commission made in favor of J. T. Barr on July 20, 1931.

The record discloses the following pertinent facts: Claimant, J. T. Barr, sustained an accidental injury on July 30, 1927, while in the employment of E. C. Oak, one of the petitioners herein. Said injury being cognizable under the Workmen's Compensation Law, the Commission, after holding three hearings relative to the case, made its order and award of May 8, 1929, approving the payment of $30.01 made claimant as compensation in full for the temporary total disability resulting from said injury.

On January 28, 1931, claimant filed motion to reopen the case, alleging a changed condition with respect to claimant's physical condition as a direct result of the injury. The Commission granted this motion, and pursuant to hearings had in said cause, entered its order and award of July 20, 1931. Said order, omitting caption, is as follows:

"Order.

"Now, on this 20th day of July, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Nowata, Oklahoma, on May 15, 1931, before Inspector H. O. Matchett, duly assigned by the Commission to conduct said hearing, on motion of claimant to reopen the case on change of condition, at which hearing the claimant appeared in person and by his attorney, A. F. Vandeventer, the respondent being represented by C. B. Pierce, the cause being continued to the Tulsa, Oklahoma, docket of June 18, 1931, to take further testimony, at which time the same appearances were present.

"And the Commission, after examining the testimony taken at said hearings and all the reports on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on and prior to July 30, 1927, claimant, J. T. Barr, was in the employment of E. C. Oak, respondent herein, and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law.

"(2) That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury on July 30, 1927; that claimant is permanently and totally disabled, and that said permanent total disability is a result of injuries sustained by reason of the aforesaid accident to the claimant's left leg.

"(3) That the average wage of the claimant was $3 per day.

"The Commission is of the opinion, by reason of the foregoing facts, that claimant, J. T. Barr, is entitled to permanent total compensation at the rate of $13.85 per week for a period not to exceed 500 weeks, said compensation being computed from the date of claimant's motion filed with the Commission, January 28, 1931, which to this date amounts to 24 weeks and four days, at the rate of $13.85, amounts to $341.63, and that said compensation should be continued from the 20th day of July, 1931, at the rate of $13.85 per week.

"It is, therefore, ordered that within 15 days from this date the respondent or insurance carrier pay to the claimant the sum of $341.63, being compensation for permanent total disability from January 28, 1931, date of the filing of claimant's motion, to this date, or 24 weeks and four days, at the rate of $13.85 per week; and to continue weekly payment of $13.85 until the 500 weeks shall have been paid; and that respondent or insurance carrier pay all necessary medical expense as result of the aforementioned injury.

"It is further ordered that within 30 days from this date, the respondent or its insurance carrier file with the Commission receipt or other proper report evidencing compliance with this order.

"Upon the adoption of the foregoing order, the roll was called and the following answered aye: Doyle, Chairman, McElroy, C., and Fannin, C."

Petitioners have filed in this court their petition to review the foregoing award of July 20, 1931, and allege as error the proposition:

"Proposition 1.

"By virtue of the provisions of section 7297, C. O. S. 1921, the order and award of the Commission of May 8, 1929, became final and conclusive after 30 days from the date thereof, and that order, after becoming final and conclusive, was res adjudicata as to the issues therein determined and decided."

It will be observed from a careful study of petitioners' brief that petitioners predicate their defenses to the order of the Commission entered on July 20, 1931, upon two main contentions: (1) That the order of May 8, 1929, being unappealed from and no rehearing by the Commission being requested, the claimant is barred from further award on any ground. (2) That if the Commission had jurisdiction to reopen the case, the motion therefor, and the evidence offered, failed to show a changed condition such as to warrant an award of compensation.

Petitioners' plea of res adjudicata is based

upon section 7297, C. O. S. 1921, to the exclusion of the remaining integral parts of the Workmen's Compensation Act. The force and effect of section 7296, C. O. S. 1921, must not be overlooked. Said section (7296) provides:

"Review of Awards: Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

The rule applicable to this case has been clearly stated in the case of Tulsa Street Railway Company et al. v. State Industrial Commission et al., 105 Okla. 265, 232 P. 418. In that case, this court, in considering sections 7296 and 7297 together, said:

"Where the State Industrial Commission has held a hearing and made an award of compensation for accidental injury, from which no proceedings to review have been brought to this court, and no application for rehearing has been filed with the Commission within the time or upon any of the grounds prescribed by the rules promulgated by the Commission, such award is final. Thereafter the jurisdiction of the Commission to review such award is limited by the provisions of Comp. St. 1921, section 7296, and attaches only where there has been a change in conditions subsequent to the award."

In the case of White Oak Refining Co. et al. v. Whitehead et al., 149 Okla. 297, at page 299, 298 Pac. 611, at page 613, this court said:

"In Bedford-Carthage Stone Co. et al. v. Industrial Commission of Oklahoma et al., 119 Okla. 231, 249 P. 706, this court said: 'Where an award of compensation for accidental injury is not questioned by application for rehearing filed within 10 days, as provided by the rules of the Industrial Commission, nor by an action in the Supreme Court, within 30 days, such award is final and conclusive upon all questions within the Industrial Commission's jurisdiction, and the Commission is without power or jurisdiction thereafter to vacate, modify, or change the award except upon the ground of a change in conditions'."

Continuing, the court further said:

"This case was decided on September 21, 1926, and the legislative intent declared. Since that time there have been three regular sessions of the Legislature and at least one special session. The 1929 session of the Legislature (ch. 30) amended sec. 7297, C. O. S. 1921, the Workmen's Compensation Law to require supersedeas bonds. If the legislative branch of this state was of the opinion that this court had not placed proper construction on the several sections of the Workmen's Compensation Law it would certainly have amended the law and expressed the legislative intent. The rule stated by this court in the case cited has been announced in Tulsa Street Ry. Co. et al. v. State Industrial Commission, 105 Okla. 265, 232 P. 418; Tidal Refining Co. v. Tivis et al., 91 Okla. 189, 217 P. 163; Wadsworth Coal & Mining Co. et al. v. Tidwell et al., 147 Okla. 22, 294 P. 1092; Olentine v. Calloway et al., 147 Okla. 137, 295 P. 608; Skelly Oil Co. v. Thomas et al., 147 Okla. 86, 295 P. 213; Standard Paving Co. v. Lemmon et al., 129 Okla. 15, 263 P. 140, 142; Southern Fuel Co. v. State Industrial Commission et al., 141 Okla. 127, 284 P. 35; K. D. Oil Co. v. Datel et al., 145 Okla. 264, 292 P. 564; Marland Production Co. et al. v. Hogan et al., 146 Okla. 220, 294 P. 115."

In the case of Haury Manahan & Co. et al. v. Black et al., 153 Okla. 34, 4 P. (2d) 742, the facts show that on October 28, 1927, the Commission made an award allowing claimant $220 based upon an agreement between the parties for total temporary disability; that in February, 1931, the case was reopened on averments of changed conditions, and the claimant was awarded $18 per week for 300 weeks. The respondents appealed, urging about the same errors as in the case at bar. In said case, this court quoted with approval the following quotation from Lane & Wasson Co. et al. v. Wright et al., 126 Okla. 53, 258 P. 728:

"'Where the Industrial Commission has made an award to a claimant for temporary injuries and it later develops that instead of injuries being temporary the same have become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized, under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by the statute for such class of injuries.'

"It may be seen from the foregoing authority that the Commission had jurisdiction and authority to make the award, and, where the motion is granted upon the ground of change of condition, such finding of fact by the Industrial Commission is conclusive.

"In the case of Wentz et al. v. Brookshire et al., 150 Okla. 92, 300 P. 652, it is held:

"'Where claimant files a motion to re-

open a case arising under section 7294, on the ground of a change of condition, a finding of the State Industrial Commission that the cause should be reopened and further compensation allowed is a finding of every fact necessary to support said award, and, where the same is supported by competent evidence, this court will not disturb the same on review'."

Upon careful consideration of the facts constituting the case at bar, we are of the opinion, and hold, that the Commission had jurisdiction to reopen the case on the ground of a change in conditions.

We must next inquire whether or not the evidence was sufficient to show a changed condition such as to warrant an award of compensation.

The claimant gave abundance of evidence to show that he had gradually grown worse since the date of the last award of May 8, 1929. He testified that his back was gradually growing stiffer; that there was an increased numbness in his hands, arms, and legs; that it was apparently getting all over his body, and that in efforts to turn the head it was necessary to turn the whole body.

A careful examination of the record leads us to conclude that the Commission had before it competent evidence which reasonably tends to support its findings and award in favor of claimant. This being true, under the well-known rule of this court, the same is conclusive upon this court and will not be disturbed upon review. Nash-Finch Co. v. Olen M. Harned et al., 141 Okla. 187, 284 P. 633.

The provision for reopening on changed conditions implies lapse of time, and interim of uncertainty, a time of watchful waiting, so that there may be a better knowledge of the extent and effects of an accidental injury, so that a more accurate diagnosis by medical experts may be made, and that the Commission will have the best proof on which to base a just and final award. This is all in support of the continuing jurisdiction vested in the Commission under section 7296, supra. Under the elastic supervising power thus vested in the Commission, we are of the opinion that the Commission was vested with full authority to reopen the case, from which no appeal had been taken in the time prescribed by section 7297, supra; to review the prior award upon the grounds of changed condition; to conduct the hearings thereafter, and to enter its new award on July 20, 1931; and that the claimant did not lose any rights under the Workmen's Compensation Act by reason of failure to appeal

from the first award of the Commission made and entered in his favor May 8, 1929.

We are further of the opinion, and hold, that the power of continuing jurisdiction of the Commission under section 7296, supra, has been rightly and justly exercised in this case.

The petition to review is denied, and the award is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.